# DISTRICT COURT OF THE UNITED STATES
## for the
## Eastern District of Pennsylvania

| | |
|---|---|
| Carmen Santucci<br>*Plaintiff,*<br><br>*vs.*<br><br>BOROUGH OF UPLAND, a municipal corporation; RICHARD SLIFER, in his individual capacity; GEORGIA L. STONE, in her individual capacity; ANDREW GOLDBERG, in his individual capacity; WALTER OMLOR, in his individual capacity,<br>*Defendants.* | Civil Action No. 2:25-cv-05172-GJP<br><br><br>MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT RICHARD SLIFER |

## PLAINTIFF'S MOTION TO DISQUALIFY BOROUGH FUNDED COUNSEL FOR DEFENDANT RICHARD SLIFER

**TO THE HONORABLE COURT:**

Plaintiff Carmen Santucci respectfully moves this Court pursuant to Federal Rule of Civil Procedure 11(b) Representations to the Court, 28 U.S.C. § 1367, and Title 42 § 8547 – Legal assistance for an employee of a local agency, under the Pennsylvania Consolidated & Unconsolidated Statutes, for an Order disqualifying Attorney Suzanne McDonough - I.D. 29394 [docket #9] from representing Defendant Richard Slifer in his individual capacity.

### BACKGROUND

1. Defendant Richard Slifer is a Code Enforcement Officer for the Borough of Upland who has been sued exclusively in his individual capacity under 42 U.S.C. § 1983 for constitutional violations.

2. The Borough of Upland has retained attorney Suzanne McDonough to represent Defendant Slifer using Borough funds, either directly or through Borough insurance coverage.

1

3. Individual capacity suits under § 1983 seek to impose personal liability upon government officials for actions that violate constitutional rights, which by definition are outside the scope of their official duties.

4. The Borough's provision of taxpayer-funded legal counsel for individual capacity constitutional tort claims violates Pennsylvania law, federal constitutional principles, and fundamental conflict of interest rules.

**GROUNDS FOR DISQUALIFICATION**

## I. PENNSYLVANIA LAW PROHIBITS THE BOROUGH'S PROVISION OF LEGAL COUNSEL

### A. **42 Pa.C.S. § 8547 Does Not Authorize Individual Capacity Defense**

Pennsylvania's Municipal Legal Assistance Statute, 42 Pa.C.S. § 8547, specifically limits when local agencies may provide legal assistance to employees. The statute states:

§ 8547(a) Mandatory provision of legal assistance generally.-- When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the local agency shall, upon the written request of the employee, defend the action...

**The statute creates an insurmountable conflict:**

1. § 8547 requires that the alleged conduct be "within the scope of the office or duties of the employee" for the Borough to provide legal assistance.

2. Individual capacity § 1983 suits inherently allege that the defendant acted outside their official authority or committed constitutional violations.

3. Constitutional violations are never within the scope of a government employee's official duties.

4. Code enforcement officers have no official duty to violate citizens' constitutional rights.

### B. Individual Capacity Claims Inherently Allege Ultra Vires Conduct

Individual capacity suits under § 1983 specifically allege conduct that exceeds, contradicts, or violates the defendant's official authority. Such conduct cannot meet § 8547's requirement that the act be "within the scope of the office or duties of the employee."

### C. § 8547(b) Optional Provision Also Fails

Even under the optional provision in § 8547(b), the Borough may only defend when "it is not alleged that the act of the employee which gave rise to the claim was within the scope of his office or duties," but requires eventual judicial determination that the act was within scope or the employee reasonably believed it was. Constitutional violations cannot satisfy this standard.

## II. FEDERAL CONSTITUTIONAL PRINCIPLES PROHIBIT GOVERNMENT-FUNDED INDIVIDUAL CAPACITY DEFENSE

### A. Individual vs. Official Capacity Distinction

The Supreme Court in ***Kentucky v. Graham***, 473 U.S. 159, 165 (1985), established the fundamental distinction between individual and official capacity suits:
Individual-capacity suits seek to impose individual liability upon a government officer for actions taken under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.

### B. Individual Capacity Suits Are Personal to the Official

As the Court emphasized in ***Kentucky v. Graham***, individual capacity suits are personal to the official and seek individual liability, not governmental liability. The provision of government-funded counsel blurs this critical distinction and improperly transforms individual liability into governmental liability.

3

### C. Sovereign Immunity Does Not Apply

Individual capacity suits are not barred by sovereign immunity precisely because they seek personal, not governmental, accountability. *Ex parte Young*, 209 U.S. 123 (1908); *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

## III. IMPROPER USE OF PUBLIC FUNDS

### A. Ultra Vires Expenditure

The Borough lacks legal authority under Pennsylvania law to expend public funds for individual capacity constitutional tort defense when such defense is explicitly prohibited by § 8547's scope-of-duties requirement.

### B. Breach of Fiduciary Duty to Taxpayers

Borough officials owe a fiduciary duty to taxpayers regarding the proper expenditure of public funds. Using taxpayer money to defend individual constitutional violations breaches this duty by:

1. Spending beyond legal authority granted by § 8547
2. Using public funds for private benefit (Slifer's personal defense)
3. Violating public trust by defending conduct harmful to citizens

### C. No Legitimate Public Purpose

Defending individual capacity constitutional tort claims serves no legitimate public purpose and improperly benefits the individual defendant at taxpayer expense. The expenditure fails the public purpose test required for municipal spending.

## IV. ATTORNEY MCDONOUGH VIOLATES PENNSYLVANIA RULES OF PROFESSIONAL CONDUCT

Attorney Suzanne McDonough's acceptance of Borough funds to represent Defendant Slifer in his individual capacity violates multiple Pennsylvania Rules of Professional Conduct:

### A. Rule 1.7 - Conflict of Interest: Current Clients

Pennsylvania Rule of Professional Conduct 1.7 prohibits lawyers from representing clients when the representation involves a concurrent conflict of interest. A conflict exists here because:

1. The Borough's interests conflict with Slifer's individual interests - The Borough has an obligation to uphold constitutional compliance while Slifer seeks to avoid individual liability for alleged constitutional violations.

2. The Borough is essentially both payor and adverse party - While funding Slifer's defense, the Borough simultaneously has interests adverse to defending constitutional violations committed in its name.

3. No valid informed consent - Rule 1.7 requires "informed consent" from each affected client when conflicts exist, but neither Slifer nor the Borough can validly consent to this inherent conflict involving constitutional violations.

### B. Rule 1.8(f) - Third-Party Payment Creates Impermissible Conflicts

Pennsylvania Rule of Professional Conduct 1.8(f) governs situations where a lawyer's services are paid by a third party. The Rule requires:

1. Client consent to third-party payment arrangement
2. No interference with the lawyer's professional judgment
3. No compromise of client confidentiality
4. Compliance with conflict of interest rules

The Comments to Rule 1.8 specifically state: "If, however, the fee arrangement creates a conflict of interest for the lawyer, then the lawyer must comply with Rule 1.7".

**The Borough payment arrangement violates Rule 1.8(f) because:**
1. Creates inherent conflicts between the Borough's constitutional obligations and Slifer's personal defense interests
2. Compromises professional independence - McDonough's loyalty is divided

5

between her nominal client (Slifer) and her actual payor (Borough)
3. No valid informed consent - The conflict is non-consentable under Rule 1.7
4. Interferes with professional judgment - Borough interests will necessarily influence defense strategy

### C. Rule 5.4(c) - Interference with Professional Judgment

Rule 5.4(c) prohibits "interference with a lawyer's professional judgment by one who recommends, employs or pays the lawyer to render legal services for another".

The Borough's payment of McDonough's fees creates prohibited interference because:

1. Borough controls the purse strings and can influence strategic decisions
2. Borough's interests in constitutional compliance conflict with aggressive individual defense
3. Inherent pressure to limit defense efforts that might expose Borough liability

### D. Non-Consentable Conflict

This conflict cannot be waived by informed consent because:

1. Constitutional violations are inherently adverse to governmental interests
2. Public policy prohibits government funding of individual constitutional tort defense
3. The conflict is fundamental and ongoing throughout the litigation
4. No reasonable lawyer could believe effective representation is possible

### E. Mandatory Withdrawal Required

Under Pennsylvania Rules of Professional Conduct, McDonough has a mandatory duty to withdraw when:

1. Continuing representation violates Rules of Professional Conduct (Rules 1.7, 1.8(f), 5.4(c))
2. The representation involves a non-consentable conflict
3. Third-party payment creates impermissible interference with professional

judgment

McDonough's continued representation despite these clear ethical violations subjects her to professional discipline and makes her participation in the case improper.

### A. Ultra Vires Expenditure

The Borough lacks legal authority under Pennsylvania law to expend public funds for individual capacity constitutional tort defense when such defense is prohibited by § 8547.

### B. Breach of Fiduciary Duty

Borough officials owe a fiduciary duty to taxpayers regarding the proper expenditure of public funds. Using taxpayer money to defend individual constitutional violations breaches this duty.

### F. Standard for Disqualification of Counsel

Federal courts possess inherent authority to disqualify counsel when representation violates ethical rules or creates conflicts of interest that threaten the integrity of judicial proceedings.

Moreover, "[a] court may restrain conduct which it feels may develop into a breach of ethics; it `is not bound to sit back and wait for a probability to ripen into a certainty.'" ***United States v. RMI Co.***, 467 F. Supp. 915, 923 (W.D.Pa.1979) (citation omitted). The courts do not have to wait until the derelict attorney appears before it. *See **Maritrans GP Inc. v. Pepper, Hamilton & Scheetz***, 602 A.2d 1277, 1284 (Pa. 1992).

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

**A.** GRANT this Motion to Disqualify Borough Funded Counsel for Defendant Richard Slifer;

**B.** ORDER the immediate withdrawal of attorney Suzanne McDonough and any other counsel

7

provided or funded by the Borough of Upland;

**C.** REQUIRE Defendant Slifer to obtain private counsel or proceed pro se within twenty-one (21) days;

**D.** STAY all deadlines as to Defendant Slifer for twenty-one (21) days to allow him to obtain new representation;

**E.** ORDER that no further Borough funds be expended for Defendant Slifer's individual capacity defense; and

**F.** Grant such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

*/s/ Carmen M. Santucci*

**Carmen Santucci**
515 West 24th Street
Upland, Pennsylvania 19013
610-203-0248
carmensantuccisr@gmail.com
Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon all counsel of record via the Court's CM/ECF system this _____ day of _____, 2025, and emailed to legaldepartment@pacourts.us, and smcdonough@holstenassoc.com.

Matthew Rossi
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us

Suzanne McDonough
115 N. Jackson Street
Media, PA  19063
smcdonough@holstenassoc.com

*/s/ Carmen M. Santucci*

**Carmen Santucci**