# DISTRICT COURT OF THE UNITED STATES
# for the
# Eastern District of Pennsylvania

| | |
|---|---|
| Carmen Santucci<br>*Plaintiff,*<br><br>vs.<br><br>BOROUGH OF UPLAND, a municipal corporation; RICHARD SLIFER, in his individual capacity; GEORGIA L. STONE, in her individual capacity; ANDREW GOLDBERG, in his individual capacity; WALTER OMLOR, in his individual capacity,<br>*Defendants.* | Civil Action No. 2:25-cv-05172-GJP<br><br><br>PROPOSED ORDER |

## ORDER GRANTING PLAINTIFF'S MOTION TO DISQUALIFY BOROUGH FUNDED COUNSEL FOR DEFENDANT RICHARD SLIFER

AND NOW, this _____ day of _____, 2025, upon consideration of Plaintiff's Motion to Disqualify Borough Funded Counsel for Defendant Richard Slifer, any response thereto, and after hearing held on _____, 2025, if applicable, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

**1. MOTION GRANTED:** Plaintiff's Motion to Disqualify Borough Funded Counsel for Defendant Richard Slifer is hereby **GRANTED**.

**2. FINDINGS:** The Court finds that:

    **a.** Defendant Richard Slifer has been sued exclusively in his individual capacity under 42 U.S.C. § 1983 for alleged constitutional violations;

    **b.** The Borough of Upland's provision of taxpayer-funded legal counsel for Defendant Slifer's individual capacity defense violates Pennsylvania Consolidated Statute 42 Pa.C.S. § 8547, which limits municipal legal assistance to acts within the scope of an employee's official duties;

    **c.** Individual capacity suits under § 1983 inherently allege conduct outside the scope of official duties, as constitutional violations are never within the lawful scope of a

      government employee's official duties;

   **d.** The representation creates non-consentable conflicts of interest under Pennsylvania Rules of Professional Conduct 1.7, 1.8(f), and 5.4(c);

   **e.** The Borough's funding of individual capacity constitutional tort defense constitutes an improper expenditure of public funds lacking statutory authority and legitimate public purpose.

**3. DISQUALIFICATION:** Attorney Suzanne McDonough (I.D. 29394) and any other counsel provided or funded by the Borough of Upland are hereby **DISQUALIFIED** from representing Defendant Richard Slifer in this action.

**4. IMMEDIATE WITHDRAWAL:** Attorney McDonough and any other Borough-funded counsel shall **IMMEDIATELY WITHDRAW** their appearance on behalf of Defendant Slifer.

**5. NEW COUNSEL REQUIRED:** Defendant Slifer shall obtain private counsel at his own expense or elect to proceed pro se within **TWENTY-ONE (21) DAYS** from the date of this Order.

**6. STAY OF DEADLINES:** All deadlines applicable to Defendant Slifer are hereby **STAYED** for a period of twenty-one (21) days from the date of this Order to allow him to obtain new representation.

**7. PROHIBITION ON BOROUGH FUNDING:** The Borough of Upland is hereby **PROHIBITED** from expending any further public funds for Defendant Slifer's individual capacity defense in this action.

**8. COMPLIANCE:** Defendant Slifer and any new counsel shall file an appropriate entry of appearance or notice of pro se representation within the time period specified herein.

IT IS SO ORDERED.

_____
THE HONORABLE GERALD J. PAPPERT
UNITED STATES DISTRICT JUDGE

Date: _____