IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN SANTUCCI | : | |
| | : | |
| Plaintiff, | : | Civil Action Law |
| | : | |
| v. | : | No. 25-cv-05172 |
| | : | |
| BOROUGH OF UPLAND ET AL | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**RESPONSE OF BOROUGH OF UPLAND AND RICHARD SLIDER TO DISQUALIFY COUNSEL FOR DEFENDANT RICHARD SLIFER**

And now comes the Borough of Upland and Richard Slifer through counsel, Holsten Associates, P.C. and Suzanne McDonough, Esq. to respond to plaintiff's Motion t Disqualify counsel for defendant Richard Slifer as follows:

**Preliminary statement of defendants:**

Plaintiff is a fugitive in Delaware County on arrest and bench warrants in connection with his failure to appear in Magistrate Courts in the County and admits to such in his pro se lawsuit against two Magistrate Court Judges, a Constable, Upland Borough and its Code Enforcement Officer Richard Slifer. He purports to bring this motion pursuit to 42 P.S. § 8547 which is the Pennsylvania statute detailing legal assistance, mandatory and optional, for local agencies to provide to their employees. Despite the statute clearly conveying upon the judiciary the determination as to when representation is mandatory or optional if there is a dispute, plaintiff has the misguided belief that because he sues a government employee in their individual capacity that this means the individual is sued for actions outside the scope of their office or duties and that plaintiff then gets to determine that the employee may not have representation through the employer. This Motion is frivolous and should be subject to Rule 11.

The provisions at issue are:

**42 P.S. 8547.  Legal assistance.**
   **(a)  Mandatory provision of legal assistance generally.--**When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is alleged that the act of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the local agency shall, upon the written request of the employee, defend the action, unless or until there is a judicial determination that such act was not within the scope of the office or duties of the employee.
   **(b)  Optional provision of legal assistance generally.--**When an action is brought against an employee of a local agency for damages on account of an injury to a person or property, and it is not alleged that the act of the employee which gave rise to the claim was within the scope of his office or duties, the local agency may, upon the written request of the employee, defend the action, and such undertaking to defend thereafter may be withdrawn only with the approval of the court. If the local agency has refused a written request to defend the action, and it is judicially determined that the act was, or that the employee in good faith reasonably believed that such act was, within the scope of the office or duties of the employee and did not constitute a crime, actual fraud, actual malice or willful misconduct, the local agency shall reimburse the employee for the expenses of his legal defense in such amounts as shall be determined to be reasonable by the court.

Not only does the statutory scheme provide that the defense is appropriate, plaintiff lacks standing to raise this issue under the Act in his misguided attempt to have counsel disqualified for the Code Enforcement Officer Richard Slifer whom he sued because Slifer cited him for Ordinance Violations under the Borough Code.  To the extent that plaintiff has standing to bring such a Motion, the Borough defendants respond as follows:

   1. Plaintiff styles the action as one against the Code Officer only in his individual capacity but does not allege that he acted outside the course or scope of his employment.

   2. Admitted.

   3.  Denied as a conclusion of law requiring no response.  The law concerning the application of the defense and indemnity provisions of the Tort Claims Act does not support plaintiff's position that he can make the determination that there will be no defense or indemnity simply by suing a government employee in his or her individual capacity where such decisions

are between the agency and its employee with disputes being resolved by the Court.   See

McGuire v. City of Pittsburgh, 285 A.3d 887 (Pa. 2022)

    4.  Denied as inaccurate conclusions of law which do not require further response.

### RESPONSE TO GROUNDS FOR DISQUALIFICATION

    I.    PENNSYLVANIA LAW DOES NTO PROHIBIT THE BOROUGH PROVIDING LEGAL COUNSEL FOR ITS EMPLOYEES SUED FOR THEIR SERVICE TO THE BOROUGH

    A.-C.  Plaintiff's interpretation of and alleged application of the Tort Claims Act provisions, mandatory and optional, as not authorizing defenses of employees sued in their individual capacity is inaccurate and inapplicable.  It is not plaintiff's decision as to whether defense or indemnity is offered by the local agency or how the statutory scheme is interpreted in that regard as this is a judicial function.  Plaintiff's claims that individual capacity claims simply by alleging them as brought in this fashion are inherently ultra vires conduct and cannot be within the scope of office or duties of the employee are also inaccurate and inapplicable.

    II.   THERE IS NO CONSTITUTIONAL IMPEDIMENT TO THE PROVISION  OF LEGAL DEFENSE TO AN EMPLOYEE FOR INDIVIDUAL CAPACITY CLAIMS AGAINST THE LOCAL GOVERNMENT  EMPLOYEE

    Plaintiff  has not cited to one opinion, state or federal, to support his view that simply suing a government employee in their individual capacity removes their statutory right to defense by the government agency as envisioned by the Tort Claims Act that precludes local government agencies from providing defense to their employees sued in their individual capacity and indeed, the provision of such services is outlined clearly in the Tort Claims Act under § 8547 which provides the statutory duty in that regard.  Plaintiff's claim that the Borough is unable to expend funds to defend its employees sued in individual capacity suits is misguided and a misapplication

of the statutory duty under the Tort Claims Act that he invokes.  Under the Act, representation decisions where individual capacity suits are at issue are not ultra vires or a breach of fiduciary duty or have no public purpose, and moreover, plaintiff lacks standing to raise such claims.

    III.       THERE IS NO IMPROPER USE OF PUBLIC FUNDS

Plaintiff's claim that the Borough is unable to expend funds to defend its employees sued in individual capacity suits is misguided and a misapplication of the Borough's statutory duty under the Tort Claims Act that plaintiff seeks to invoke.  Under the Act, representation decisions where individual capacity suits are at issue are not ultra vires nor a breach of fiduciary duty or have no public purpose, and moreover, plaintiff lacks standing to raise such claims.

    IV.       PRESENT COUNSEL HAS NOT VIOLATED THE RULES OF PROFESSIONAL  CONDUCT AND DOES NOT HAVE A CONFLICT OF INTEREST

True to form, plaintiff's counsel now requests that present counsel be removed, falsely claiming that she has violated multiple provisions of Pa. Rules of Professional Misconduct. Plaintiff lacks standing to raise such claims which are scurrilous and also unfounded.

Attorney disqualification  "never is automatic" and "the court should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule." United States v. Miller, , 624 F.2d 1198, 1201. "Additionally, the court must prevent litigants from using motions to disqualify opposing counsel for tactical purposes." Hamilton v. Merrill Lynch, 645 F. Supp. 60, 61 (E.D. Pa. 1986).

Plaintiff provides no support for the assertion that present counsel's concurrent representation of the Borough and the Code Enforcement Officer are violative of the Rules of Professional Responsibility.  The claims made by Santucci in this regard are without reasonable

inquiry as required by Rule 11 of the Federal Rules of Civil Procedure which also apply to pro se litigants, and the Court is requested to caution him about making such claims without a reasonable basis.

  Wherefore, moving defendants request that the plaintiff's Motion be dismissed in its entirety.

            Respectfully Submitted,
            **HOLSTEN ASSOCIATES, P.C.**

      *Suzanne McDonough*
**BY:** _____
            **SUZANNE McDONOUGH, ESQUIRE**
            **Attorney ID No. 29394**
            **115 N. Jackson Street**
            **Media, PA  19063**
            **(610) 566-7183**
            **smcdonough@holstenassoc.com**
            **Attorney for Defendants, Borough of Upland and Richard Slifer**

## CERTIFICATE OF SERVICE

I, Suzanne McDonough, Esquire, counsel for Defendants, Borough of Upland and Richard Slifer state that a true and correct copy of the within Response to Plaintiff's Motion to Disqualification of Counsel was served upon the following individual via first class mail postage pre-paid and e-mail, this 25th day of September, 2025.

> CARMEN SANTUCCI
> 515 WEST 24TH STREET
> UPLAND, PA 19013
> Email: carmensantuccisr@gmail.com
> PRO SE
>
> MATTHEW ROSSI, ESQ..
> Administrative Office of Pennsylvania Courts
> Legal
> 1515 Market Street
> Suite 1414
> Philadelphia, PA 19102
> Email: legaldeptfedecf@pacourts.us
> Attorney for Magistrates Stone and Goldberg
>
> CHRISTOPHER J. GILLIGAN, ESQ.
> Margolis Edelstein
> 170 S. Independence Mall W., Suite 400 E.
> Phila., Pa.  19106-3337
> Email: cgilligan@margolisedelstein.com
> Attorney for defendant Walter Omlor
>
> **HOLSTEN ASSOCIATES, P.C.**
>
> *Suzanne McDonough*
> **SUZANNE McDONOUGH, ESQUIRE**
> **Attorney ID No. 29394**
> **115 N. Jackson Street**
> **Media, PA  19063**
> **(610) 566-7183**
> **smcdonough@holstenassoc.com**
> **Attorney for Defendants, Borough of Upland and Richard Slifer**

6