## TABLE OF CONTENTS

**PAGE**

I. BACKGROUND .................................................................................. 1

II. STANDARD OF REVIEW .................................................................. 4

    A. MOTION TO DISMISS UNDER 12(B)(6) ................................... 4

III. ARGUMENT ........................................................................................ 6

    A. Dismissal of the Complaint is Warranted Based on Abstention in Light Of Plaintiff Conceding Ongoing Criminal and Administrative Enforcement Proceedings .................................................................. 6

    B. Even Without Abstention, Plaintiff Fails to State a Cause of Action Against the Borough of Upland or Richard Slifer ............................. 8

    C. Failure to State a Cause of Action as a Matter of Law for Procedural or Substantive Due Process Violations .................................................. 8

        1. Plaintiff's Claim in Count I for Violation of Procedural Due Process Is Without Merit ............................................................................ 8

        2. Plaintiff's Claim in Count II for Violation of Substantive Due Process is Without Merit ................................................................. 9

    D. Failure to State a Cause of Action as a Matter of Law For Alleged Unlawful Search and Seizure Claims ............................................. 10

    E. Plaintiff's Civil Conspiracy Claim Must Be Dismissed ................. 10

    F. Plaintiff's Monell Claim Fails as a Matter of Law ......................... 11

    G. The Ordinance is Not Void for Vagueness .................................... 12

    H. Plaintiff's Claim for First Amendment Retaliation Must Be Dismissed ... 13

    I. Failure to State a Cause of Action as a Matter of Law For Alleged Equal Protection Claim .................................................................. 15

    J. Qualified Immunity – Richard Slifer ............................................. 16

    K. Punitive Damages Claims Should Be Dismissed .......................... 18

IV. CONCLUSION ................................................................................. 18

## TABLE OF AUTHORITIES

ACRA Turf Club, LLC v. Zanzuccki
    748 F.3d 127, 138 (3d Cir. 2014)..................................................................06

Alvin v. Suzuki
    227 F.3d 107, 116 (3d Cir. 2000)..................................................................08

Ashcroft v. al-Kidd
    563 U.S.___, 131 S.Ct. 2074, 2078 (2011).......................................................16

Ashcroft v. Iqbal
    556 U.S. 662, 678 (2009) ........................................................................5,18

Ashcroft v. Iqbal, 566 U.S. 662
    129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ..................................................5

Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown
    520 U.S. 397, 407 (1997)..........................................................................12

Bell v. City of Philadelphia
    275 Fed. App'x. 157, 159 (Cir. 2008) .............................................................4

Bell Atlantic Corp. v. Twombly
    550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)...............................4, 5

Brosseau v. Haugen
    543 U.S. 194, 198, 125 S.Ct. 596 (2004)........................................................16

Burtch v. Milberg Factors, Inc.,
    662 F.3d 212, 220-21 (3d Cir. 2011)...............................................................5

City of St. Louis v. Praprotnik
    485 U.S. 112, 127 (1988) .........................................................................15

Evans v. Court of Common Pleas
    959 F.2d 1227, 1234 (3d Cir.1992)..................................................................7

Eddy v. V.I. Water & Power Auth
    256 F.3d 204, 210 (3d Cir. 2001). ................................................................17

Falcone v. Dickstein
    92 F.4th 193 (3d Cir. 2024)........................................................................14

Farber v. City of Paterson

    440 F.3d 131, 134 (3d Cir. 2006)..................................................................11

Foucha v. Louisiana,
    504 U.S. 71, 80, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (2002)................................9

Hartig Drug Co., Inc. v. Senju Pharm Co
    836 F.3d 261, 268 (3d Cir. 2016). .........................................................................5

Hill v. Borough of Kutztown
    455 F.3d 225, 233-34 (3d Cir. 2006)......................................................................8

Hope v. Pelzer
    536 U.S. 730-741, 122 S. Ct. 122 S. Ct. 2508,
    153 L. Ed. 2d 666 (2002) ....................................................................................19

Huffman v. Pursue, Ltd
    420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed. 2d 482
    (1975)......................................................................................................................6

Hunter v. Bryant
    502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam)..............17

Hunter v. Bryant
    112 S. Ct. 534 (1991).............................................................................................17

Hutchinson ex rel. Hutchinson v. Luddy
    870 A.2d 766, 770 (Pa. 2005) ..............................................................................18

Juidice v. Vail
    430 U.S. 327, 337 (1977) .......................................................................................7

Keen v. C.R. Bard, Inc.
    480 F. Supp. 3d 624 (E.D. Pa. 2020). ..................................................................18

Kost v. Kozakiewicz
    1 F.3d 176, 190-191 (3d Cir. 1993) .....................................................................11

Leamer v. Fauver
    32 F. 3d 759, 804-05 (3d Cir. 1994) ......................................................................9

Miller v. Mitchell
    598 F. 3d 139, 147 (3d Cir. 2010) .......................................................................17

Mirabella v. Villard
    853 F.3d 641, 649 (3d Cir. 2017)..........................................................................13

Monell v. Department of Social Services,
    436 U.S. 658, 694 (1978)..................................................................................11, 14

Morse vs. Lower Merion School District
    132 F.3d 902, 906 (3rd Cir. 1987)...................................................................................4

Nieves v. Bartlett
    139 S. Ct. 1715 (2019))..................................................................................................14

Oshiver v. Levin, Fishbein, Sedran & Berman
    38 F.3d 1380, 1385 n.2 (3d Cir. 1994)...........................................................................6

Pembaur v. City of Cincinnati
    475 U.S. 469, 481 (1986)..............................................................................................15

Pennzoil Co. v. Texaco, Inc.,
    481 U.S. 1, 14–15 (1987)................................................................................................7

Perano v. Township of Tilden
    423 F. App'x 234, 238 (3d Cir. 2011) ..........................................................................15

Phillips v. County of Allegheny
    515 F.3d 224, 233 (3d Cir.2008)....................................................................................4

Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept.
    973 F.2d 169, 173 (3d Cir. 1992) ..................................................................................6

Reichle v. Howards
    ____U.S.___, 132 S.Ct. 2088, 2093 (2012)..................................................................16

Richardson v. Didok
    556 F. Supp. 3d 455 (E.D. Pa. 2021)............................................................................14

Saucier v. Katz,
    533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ......................................17

Sauers v. Borough of Nesquehoning
    905 F.3d 711, 716 (3d Cir. 2018)..................................................................................17

Sprint Communication, Inc. v. Jacobs
    571 U.S. 69, 79 (2013) ...................................................................................................6

Sturm vs. Clark
    835 F.2d 1009, 1011 (3rd Cir 1987)...............................................................................4

Thomas v. Indep. Twp.,
    463 F.3d 285, 296 (3d Cir. 2006)......................................................................13

Thorpe v. Upper Makefield Twp
    758 F. App'x 258 (3d Cir. 2018).......................................................................10

Unger vs. National Residence Matching Program
    928 F.2d 1392, 1394-95 (3rd Cir. 1991)..............................................................4

White v. Pauly
    137 S.Ct. 548 (2017)..........................................................................................17

Younger v. Harris
    401 U.S. 37 (1981).............................................................................................6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN SANTUCCI,<br>　　　　Plaintiff,<br><br>　　v.<br><br>BOROUGH OF UPLAND, RICHARD SLIFER et al | :<br>:<br>: No. 25-CV-05172<br>:<br>:<br>: JURY TRIAL DEMANDED |

### ORDER

AND NOW, this _____ day of _____, 2025, upon consideration of the Motion to Dismiss Plaintiff's Complaint by the Borough of Upland, and any response thereto, it is hereby **ORDERED and DECREED** that all claims against the above-named Defendants are dismissed with prejudice.

　　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Gerald J. Pappert, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARMEN SANTUCCI,
      Plaintiff,

v.

BOROUGH OF UPLAND, RICHARD SLIFER et al

: No. 25-CV-05172

: JURY TRIAL DEMANDED

## MOTION OF DEFENDANTS, BOROUGH OF UPLAND AND RICHARD SLIFER TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12 (b)(6)

Defendants, Borough of Upland and Richard Slifer, hereby move this Honorable Court pursuant to F.R.C.P. 12(b)(6) to dismiss the above action with prejudice.

For the reasons that follow in the Memorandum of Law, attached hereto and incorporated herein by reference, the Moving Defendants respectfully request that the Motion to Dismiss be granted under 12(b)(6) and the proposed Order entered or such alternative relief be granted as the Court deems appropriate.

**WHEREFORE,** the Moving Defendants, Borough of Upland and Richard Slifer, respectfully request that this Honorable Court enter the proposed Order.

      Respectfully submitted,

      HOLSTEN ASSOCIATES, P.C.

BY:   /s/Suzanne McDonough
       SUZANNE MCDONOUGH, ESQUIRE
       Attorney ID No. 29394
       One Olive Street
       Media, PA 19063
       **Attorney for Borough of Upland and Richard Slifer**

DATE: September 29, 2025

**CERTIFICATE OF SERVICE**

I, Suzanne McDonough, Esquire, counsel for Moving Defendants, Richard Slifer and Borough of Upland, state that a true and correct copy of the attached Motion to Dismiss Plaintiff's Complaint and supporting Memorandum of Law were filed electronically this 29th day of September, 2025 upon the following:

> **CARMEN SANTUCCI**
> 515 WEST 24TH STREET
> UPLAND, PA 19013
>
> Email: carmensantuccisr@gmail.com
> PRO SE Plaintiff
>
> Matthew Rossi, Esq.
> Administrative Office of Pa. Courts
> 1515 Market St., Suite 1414
> Phila., Pa.   19102
>
> E-mail: legaldeptfedecf@pacourts.us
> Attorney for Judges Stone and Goldberg

> **HOLSTEN ASSOCIATES, P.C.**
>
> BY: /s/Suzanne McDonough
>     SUZANNE MCDONOUGH, ESQUIRE

20