**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARMEN SANTUCCI,<br>　　　　Plaintiff,<br><br>　　v.<br><br>BOROUGH OF UPLAND, RICHARD SLIFER et al | :<br>:<br>: No. 25-CV-05172<br>:<br>:<br>: JURY TRIAL DEMANDED |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS, BOROUGH OF UPLAND AND RICHARD SLIFER, TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b) (6)**</u>

I. **BACKGROUND**

On September 9, 2025, plaintiff filed this pro se federal civil rights action seeking monetary and punitive damages against moving defendant, Code Enforcement Officer Richard Slifer, two Pennsylvania Magistrate Judges, the Honorable Georgia L. Stone and the Honorable Andrew Goldberg, Constable Walt Omlor and claim against the Borough of Upland. (Complaint of the pro se plaintiff attached hereto as Exhibit A.)

The geneses of the action is plaintiff's belief that Upland Borough Ordinance 134 regulating unpaved parking areas and declaring the parking of motor vehicles on unpaved areas in connection with a residence or a commercial or industrial establishment is unconstitutional. The Ordinance is attached as Exhibit B. Santucci claims the Ordinance is unconstitutionally vague as it does not define a residential establishment. (A.15.) He does not attach the Ordinance that he challenges, but as he references it in the pleading and it is a matter of public record, the Ordinance is provided to the Court herein.

Santucci contends that he is constitutionally permitted to park his motor his motor vehicle on unpaved property at his residence at 515 West 24th Street in Upland despite the Ordinance because it is his private property. (A ¶11-13) Plaintiff indicates that since 2021 he has been

cited at least about 9 times for the Ordinance violation yet claims he has never appeared in Court to respond to any of them. (A.33) He has not provided dates of the citations, when he was cited and for which cases warrants and/or bench warrants were issued for his arrest by Judge Goldberg. (A.40-41,91) However, he does concede that he has open arrest and bench warrants out for him for Court proceedings in connection with citations he received under the Ordinance and that he spoke with the Constable about it. (A.72, 75-77.)

According to Santucci, Magistrate Goldberg issued multiple arrest and bench warrants for plaintiff alleged to be void as issued in Magistrate Court 32-2-46 rather than in 32-2-39. He also claims that Constable defendant Omlor threatened to arrest plaintiff on invalid warrants and coerced him to send money to District Court 32-2-46. (A.77) Plaintiff claims that he filed a private criminal complaint against Code Officer Slifer with the District Attorney's Office of Delaware County on July 27, 2021, more than four years ago, and that thereafter he received citations that he believes were in retaliation. A.81-83). He does not disclose the basis of the alleged private criminal complaint charges or the outcome, but presumably it was related to the enforcement of the Ordinance. (A. 81).

On November 19, 2021, nearly four years ago, plaintiff states that he filed a formal Request for Investigation of Magistrate Georgia Stone with the Commonwealth of Pennsylvania Judicial Conduct Board. (A.85). Plaintiff alleges that thereafter five days later six of his cases were transferred from Magistrate Judge Georgia Stone, Magistrate Court 32-2-39 to Magistrate Judge Andrew Goldberg, Magistrate Court 32-2-46 (A. 85-86.) After the transfer, Plaintiff filed a Request for Investigation of defendant Magistrate Goldberg on December 21, 2021, also nearly four years ago, with the Commonwealth of Pennsylvania Judicial Conduct Board. (A.89) After he filed this Complaint against the Magistrate Judge in 2021, plaintiff claims that two

bench warrants and at least five arrest warrants were issued for him by the Court. (A.90-91.) Plaintiff claims that this was retaliation for his exercise of his right to petition for redress of grievances. (A. 96.)

Over an unknown period of time over the years, plaintiff alleges that Code Officer Slifer issued 9 separate citations against plaintiff for the same alleged parking Ordinance violation. (A. 97.) he claims that one citation was expunged but that the rest remain and that this evidences an inconsistency. (A.100.)

Plaintiff does not allege that he has ever raised the issue of the constitutionality of the Ordinance in Magistrate District Court, the Court of Common Pleas or before the local agency. In the Complaint, Plaintiff does not explain how his lawsuit filed in September of 2025 could be considered brought within the applicable statute of limitations which is two years when the citations he challenges are all in 2021 that resulted in enforcement also apparently in 2021. Pennsylvania law governs the length of the statute of limitations and in Pennsylvania it is two years. 42 Pa. Cons. Stat. Ann. § 5524, Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017)

Plaintiff raises issues concerning Right to Know requests to the Borough on pages 11 and 12 that are not properly before the Court and do not appear related to the causes of action brought by the plaintiff beginning on page 15 which are herein addressed seriatim.

For the reasons that follow, all plaintiff's claims against moving defendants should be dismissed with prejudice.

## II. **STANDARD OF REVIEW**

### A. MOTION TO DISMISS UNDER 12(b)(6)

The Federal Rules of Civil Procedure provide for the dismissal of an action for failure of the pleading to "… state a claim upon which relief can be granted…" F.R.C.P. 12(b) (6). The purpose of a Motion to Dismiss pursuant to the aforesaid Rule is to test the legal sufficiency of Plaintiff's Complaint. Sturm vs. Clark, 835 F.2d 1009, 1011 (3rd Cir 1987). In determining whether to grant a Motion to Dismiss under this Rule, the court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them." Unger vs. National Residence Matching Program, 928 F.2d 1392, 1394-95 (3rd Cir. 1991).

Dismissal is appropriate on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) if, reading the Complaint in the light most favorable to the Plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). It is well settled that a Complaint must be dismissed even if the claim to relief is "conceivable," because a Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While the Court will accept well-pleaded allegations as true for the purpose of the Motion "a Court need not credit a Complaint's bald assertions or legal conclusions when deciding a Motion to Dismiss." Morse vs. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1987). (citations omitted). Thus, in ruling upon a Motion under F.R.C.P. 12(b)(6), the Courts

consistently reject "legal conclusions", "unsupported conclusions", "unwarranted inferences", "unwarranted deductions", or "sweeping legal conclusions cast in the form of factual allegations." Id. at 906(n)(8). Indeed, the Courts consistently reject "legal conclusions," "unsupported conclusions," "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations." Id. at 906(n)(8).

It is well settled that a Complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Legal conclusions made in the guise of factual allegations are given no presumption of truthfulness. Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts `merely consistent with' a defendant's liability, [] "stops short of the line between possibility and plausibility of `entitlement of relief.'" Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011).

The Third Circuit has said that the universe of facts upon which the court may rely includes the facts alleged in the complaint, facts which the court may take judicial notice of, and indisputably authentic documents referred to in the plaintiff's complaint. Hartig Drug Co., Inc. v. Senju Pharm Co., 836 F.3d 261, 268 (3d Cir. 2016). Indeed, courts may also consider matters of public record and other matters of which a court may take judicial notice, court orders, and

exhibits attached to the complaint when determining a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).

### III. ARGUMENT

#### A. DISMISSAL OF THE COMPLAINT IS WARRANTED BASED ON ABSTENTION IN LIGHT OF PLAINTIFF CONCEDING ONGOING CRIMINAL AND ADMINISTRATIVE ENFORCEMENT PROCEEDINGS

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept., 973 F.2d 169, 173 (3d Cir. 1992). Under the Younger abstention doctrine, federal courts must refrain from interfering with three types of sate proceedings. The doctrine applies where there are pending criminal proceedings as well as civil enforcement proceedings. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975) A "civil enforcement proceeding" warrants Younger abstention where the proceeding is "akin to a criminal prosecution" in "important respects." Id. at 79 (citation omitted). To determine if a civil enforcement proceeding is quasi-criminal in nature, we consider whether (1) the action "was commenced by the state in its sovereign capacity," (2) the action was "initiated to sanction the federal plaintiff for some wrongful act," (3) there are "other similarities to criminal actions, such as a preliminary investigation that culminated with the filing of formal charges," and (4) "the State could have alternatively sought to enforce a parallel criminal statute." ACRA Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 138 (3d Cir. 2014); see also Sprint Communication, Inc. v. Jacobs, 571 U.S. 69, 79 (2013) ("Investigations are commonly involved.").

The test for federal court abstention under Younger is whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id. It has been repeatedly held by the Courts that "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

Plaintiff is seeking this Court's involvement in a case in which he is admittedly a fugitive from arrest and from bench warrants, and this type of request for intervention by this Court is to involve itself in the ongoing state criminal and or administrative proceedings in Delaware County. Such is unwarranted at this juncture and abstention is required out of deference to the integrity of the state judicial process. Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of the ongoing Delaware County prosecutions in Magistrate Court. The Supreme Court has clearly held that state courts present an adequate forum for adjudicating constitutional challenges to state laws which is what is occurring here as this entire case is premised upon the alleged unconstitutionality of the Upland Borough Ordinance. See Juidice v. Vail, 430 U.S. 327, 337 (1977) (stating that Younger requires only "an opportunity to present federal claims in a state proceeding"); Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14–15 (1987) (holding that the "burden [] rests on the federal plaintiff to show that state procedural law barred presentation of its claims." (internal citation and quotation omitted)) Based on the facts and circumstances set forth by Plaintiff, the pro se Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted and he should be directed to present these claims in the state court.

### B. EVEN WITHOUT ABSTENTION, PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST THE BOROUGH OF UPLAND OR RICHARD SLIFER

Plaintiff presents claims against the Borough and Code Enforcement Officer Slifer based upon a parking Ordinance that plaintiff claims is unconstitutional on its face as it does not define "residential property." (A.125.) The Ordinance which is attached hereto as Exhibit B is clearly not unconstitutional on its face as it applies to all property, residential, commercial or any other, and plaintiff does not claim his property is not residential and in fact contends that it is his home. (A.11-13.) Plaintiff does not challenge the police powers or the rational basis of the Borough to enact such an Ordinance, and therefore the facial challenge to the Ordinance should be rejected.

### C. FAILURE TO STATE A CAUSE OF ACTION AS A MATTER OF LAW FOR PROCEDURAL OR SUBSTANTIVE DUE PROCESS VIOLATIONS

#### 1. PLAINTIFF'S CLAIM IN COUNT I FOR VIOLATION OF PROCEDURAL DUE PROCESS IS WITHOUT MERIT

Plaintiff claims in Count I a violation of his procedural due process rights under the Fourteenth Amendment as to all defendants. This is based on his claim that the Magistrate Courts had no power to transfer or accept a transferred case. (A.104.)

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006)(quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).

This claim against Upland Borough and Code Enforcement Officer Slifer is based entirely upon the filing of enforcement actions in the second Magistrate Court following the transfer of the cases to that Court. This is hardly a claim cognizable against the Borough at all or

against the Code Officer as it is not inappropriate for the judicial system to transfer cases in Delaware County to different Magistrate Courts within the jurisdiction when there is a recusal of a judge, or as in this case, a complaint made against Judge Stone to the Judicial Conduct Board. Plaintiff could have appeared in Court to contest the transfer in the second jurisdiction before Judge Goldberg, chose not to do so, and has deliberately refused to participate in the due process available to him in the state courts where he could have litigated the parking Ordinance and the citations issued and then appealed to the Court of Common Pleas if there was any adverse decision against him.

Plaintiff acknowledges that he remains a fugitive on the arrest and bench warrants. He also acknowledges that there are multiple citations for the Ordinance violations pending against him in Court and acknowledges that he has never gone to Court for any of the citations. With this backdrop claims of alleged procedural due process violations must be dismissed as plaintiff has simply elected against state court due process available to him at all times.

    2.    **PLAINTIFF'S CLAIM IN COUNT II FOR VIOLATION OF SUBSTANTIVE DUE PROCESS IS WITHOUT MERIT**

In Count II, he alleges a violation of Substantive Due Process based on his claim that there was interference with his fundamental property rights through a four year pattern of alleged terror, harassment, intimidation, extortion and abuse of legal process over this lawful use of his own property. (A.107-108).

"The Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Leamer v. Fauver, 288 F.3d 532, 546 (3d Cir. 2002)(quoting Foucha v. Louisiana, 504 U.S. 71, 80, 112 S. Ct. 1780, 118 L. Ed. 2d 437 (2002)). To succeed on a substantive due process claim, Plaintiffs must show that he was deprived of a constitutionally protected property

or liberty interest through arbitrary government action. Thorpe v. Upper Makefield Twp., 758 F. App'x 258 (3d Cir. 2018)  Constitutional arbitrariness is defined as conduct that "shocks the conscience." Id.  In the Third Circuit, conscience shocking behavior may include "deprivation of a liberty or property interest based on, inter alia, self-dealing, government corruption, or racial animus." Id.  Here there was no taking of property involved, and the Ordinance simply controls parking motor vehicles on unpaved areas on private residential and/or commercial property.  The Ordinance on its face passes constitutional muster, and there is no valid substantive due process claim.  Accordingly, the court should dismiss these claims with prejudice.

### D. FAILURE TO STATE A CAUSE OF ACTION AS A MATTER OF LAW FOR ALLEGED UNLAWFUL SEARCH AND SEIZURE CLAIMS

Count III alleges that all the defendants trespassed on his property to search for plaintiff without a warrant and without probable cause and threatening arrest on invalid warrants and demanding plaintiff send money in exchange for his liberty.  This paragraph does not specify who actually did what and the claims are raised against all defendants.  He does not specifically allege that Code Officer Slifer did any of these things, or whether those looking for him simply came and knocked on his door and spoke with him which would not be a violation of his rights and for which no warrant would be necessary.  The claim fails to state a cause of action as a matter of law.  Clearly plaintiff violated the Ordinance and admits to doing so simply challenging its constitutionality, a claim never presented to state court.  Therefore his claims must be rejected.

### E. PLAINTIFF'S CIVIL CONSPIRACY CLAIM MUST BE DISMISSED

Plaintiff claims in Count V that there was a conspiracy to violate his civil rights through the case transfers and invalid warrants. (A.117.)  He claims that the conspiracy involved both

10

Magistrates, the Code Enforcement Officer and the Constable working in concert to deprive him of due process and equal protection. No facts support this preposterous claim.

In order to sufficiently allege a federal conspiracy claim under 42 U.S.C. § 1985(3), the following elements must be met: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States. Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006). But as previously addressed, there are no plausible allegations in the Complaint to support a claimed violation of either the Equal Protection Clause or the Substantive Due Process Clause, and so there is no unlawful conduct alleged. Indeed, there are no facts set forth that could demonstrate any type of conspiratorial agreement between the Code Enforcement Officer, the Judges and the Constable and the claims are frivolous.

Defendants' motion must also be granted with respect to this claim for civil conspiracy as well as all other claims made in this case against individual defendants in their individual capacities. The statute of limitations for civil conspiracy under Pennsylvania law is two years, and the statutory period runs from each overt act causing damage. Kost v. Kozakiewicz, 1 F.3d 176, 190-191 (3d Cir. 1993) Here there is nothing alleged to have occurred within the last two years and from the face of the Complaint it is obvious that the claims were not brought within the statute of limitations.

### F. PLAINTIFF'S MONELL CLAIM FAILS AS A MATTER OF LAW

Plaintiffs' § 1983 claims in Count VI fails to state a municipal liability claim against the Borough. (A.121-122.) The Supreme Court of the United States held in Monell v. Department

of Social Services, 436 U.S. 658, 694 (1978) that the government as an entity is responsible when the execution of its established policies or customs created by lawmakers or individual actors on behalf of the municipality result in constitutional injury. Plaintiffs fail to cite to any facts or identify any particular policy or custom referenced in his Complaint. Further, he fails to allege facts supporting the claim that the Borough was put on notice for any alleged unconstitutional actions of any employees. Plaintiff thus fails to state a claim that the Borough had notice of unconstitutional practices and acted with deliberate indifference following notice so the municipal liability claim fails. Plaintiff cannot simply allege that there was a failure to train and supervise, but most set forth what the deficiencies were and what the proper training should be and has failed to do so. The Supreme Court has held that a claim for failure to train turns on the deficiency of the ―program‖ as a whole and its application ―over time to multiple employees. Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 407 (1997). Plaintiff also fails to state a municipal liability claim against Code Enforcement Officer Slifer as a policymaker as there are not facts that he held such a role and it is not claimed that he drafted the Ordinance at issue.

### G. THE ORDINANCE IS NOT VOID FOR VAGUENESS

Plaintiff claims in count VII that the Ordinance is void for vagueness. (A. 125). There are no facts set forth in the Complaint that could support a claim against the Code Enforcement Officer for the Ordinance being void for vagueness. As to the Borough, the Ordinance on its face is constitutional and not vague. The only challenge posed to it by plaintiff is that it does not define "residential" but the common sense and Webster dictionary definition is that residence refers to where someone lives or to a dwelling. Plaintiff admits

he resides at this property and that it is his home. The Ordinance at issue is clear, concise and constitutional and applies to all residential as well as commercial properties.

### H. PLAINTIFF'S CLAIM FOR FIRST AMENDMENT RETALIATION MUST BE DISMISSED

In Count IX plaintiff alleges a federal civil rights claim of retaliation for the exercise of his First Amendment rights based on his filing complaints against government officials. (A. 135-136). As to the Borough defendants, he claims that defendants dramatically increased enforcement actions after plaintiff filed criminal complaints against defendant Slifer. (A. 136 a.) He does not allege on what dates such occurred, when he filed the alleged private criminal complaint and whether he was successful in his attempt to bring criminal charges against the Code Officer back in 2021 or when his efforts were defeated, and his claim of retaliation is frivolous and without factual predicate.

Moreover, as to defendant Richard Slifer, to prevail on a First Amendment retaliation claim against the Code Officer in his individual capacity, plaintiff must prove: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Mirabella v. Villard, 853 F.3d 641, 649 (3d Cir. 2017) (quoting Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006)); From the facts alleged in the Complaint, the transfer of multiple cases occurred <u>after</u> plaintiff filed a Complaint against Judge Stone. Indeed, plaintiff has failed to allege facts that could demonstrate that the Code Officers enforcement efforts were stepped up at any time based on retaliation. Here, the Ordinance is valid on its face so the enforcement of it could not be unconstitutional conduct on the part of the Code Officer. In this case, based on the Ordinance itself and plaintiff's admissions in the Complaint, there is clearly probable cause for the

enforcement actions and as a matter of law the presence of probable cause "defeats a First Amendment Retaliation Claim." Nieves v. Bartlett, 139 S. Ct. 1715 (2019)); Falcone v. Dickstein, 92 F.4th 193 (3d Cir. 2024); Richardson v. Didok, 556 F. Supp. 3d 455 (E.D. Pa. 2021).

And, here, plaintiff concedes that he continued to park his vehicle on unpaved property despite the Ordinance, and clearly took, and still takes, the position that he will continue to do so by invoking the criminal and judicial system, state and federal, to go after the Code Officer as well as the Judges involved in his cases he may not be heard to claim that the enforcement process is retaliatory toward him. The Ordinance provides for citations if the conduct is repeated and the fact that multiple citations were issued against him is based on his continued violations. His claims should be barred by his refusal to submit himself to the state court system to litigate the issues he attempts to raise in his fugitive status on arrest and bench warrants. There is no legal precedent for Code Enforcement Officers to be required to forego enforcement of the municipal codes when the violator attempts to file private criminal charges against them or be adjudicated as having acted in a retaliatory manner simply for doing their job.

In terms of the retaliation claim against the municipality, a municipality cannot be held liable on a theory of *respondeat superior*. Monell v. Dep't of Soc. Sevs., 436 U.S. 658, 691 (1978). Rather, a municipal entity is liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" deprives a citizen of constitutional rights. *Id.* at 694. An "official policy" is created not only by formal rules but also when the "government's authorized decisionmakers" make the "decision to adopt [a] particular course of action."

Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). A "custom" exists when a "widespread practice" is "so permanent and well settled as to constitute a custom or usage with the force of law." City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (internal citations omitted). There are no facts in the pleading that could demonstrate a municipal liability claim as to policy or custom as to the Borough of Upland, and this claim must be dismissed.

### I. FAILURE TO STATE A CAUSE OF ACTION AS A MATTER OF LAW FOR ALLEGED EQUAL PROTECTION VIOLATION

Count IV and Count X are alleged to state a claim for violation of Equal Protection against all defendants. (A. 113-115; 142-144) This is based on an alleged selective enforcement of 6 summary offense cases against him by transferring them from one Magistrate court to another, and in one case, filing two citations in the Magistrate Court to which the earlier citations were transferred.

Plaintiff does not claim that he was treated differently than any other Borough residents with respect to citations for the Ordinance violation of parking and his selective enforcement claim is confined to how certain of his violation notices were handled and/or disposed of in Court, and the allegations that the citations were transferred to a different Magisterial District after he made a complaint about the first one.

The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution prevents "any State" from "depriv[ing] any person of life, liberty or property without due process of law. U.S. Const. Amend. xiv. To state an equal protection claim, a complaint must allege facts showing a similarly situated comparator and instances of differential treatment. Perano v. Township of Tilden, 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, [the plaintiff] must allege facts sufficient to make plausible the existence of . . .

15

similarly situated parties.")) Further, plaintiff cannot credibly allege any facts that the Code Officer intentionally, arbitrarily or irrationally deprived Plaintiff of a constitutional right by enforcing the Borough Code. It is clearly neither arbitrary nor irrational for a code officer to enforce code ordinances of the Borough and the claim must be rejected. Although plaintiff also claims he is making a selective enforcement claim, again he is required to show that he was treated differently than others similarly situated by the Borough Code Officer and fails entirely to do so.

### J. QUALIFIED IMMUNITY – RICHARD SLIFER

Even if any mistakes were made by the Code Officer, and indeed none are demonstrated, there are no facts set forth in the Complaint that could surmount the defense of qualified immunity. Here, there is no question that the Code Enforcement Officer cited plaintiff for repeated violations of a Borough Ordinance, constitutional on its face. The important and necessary doctrine of qualified immunity that protects government servants from civil liability in damages is well settled, and the Supreme Court has a definitive standard that assists trial courts in determining if a well-established constitutional right was violated by a public official so as to deprive the officials of qualified immunity. In Reichle v. Howards, ___U.S.___, 132 S.Ct. 2088, 2093 (2012), the Supreme Court has often reiterated that standard that "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right." The quotation by the Court in Reichle, supra, is from their earlier decision in Ashcroft v. al-Kidd, 563 U.S.___, 131 S.Ct. 2074, 2078 (2011). The Supreme Court has repeatedly warned trial courts that they should not define clearly established law with a high degree of generality. Ashcroft v. al-Kidd, ___U.S.___, 131 S.Ct. 2074, 2084 (2011); Brosseau v. Haugen, 543 U.S. 194, 198, 125 S.Ct.

596 (2004). Moreover, it is only the facts known to the individual actor that are to be considered for the qualified immunity analysis. White v. Pauly, 137 S.Ct. 548 (2017). The United States Supreme Court has repeatedly stressed the importance of deciding immunity questions at the earliest possible stage of litigation. See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam). In terms of the earliest opportunity, qualified immunity may be raised in a motion to dismiss at the pleading stage. Eddy v. V.I. Water & Power Auth., 256 F.3d 204, 210 (3d Cir. 2001). In this case, even if the Ordinance were to be ultimately found to be vague, this could not be the basis for pursuing a civil rights claim for damages against the Code Officer.

In Hunter v. Bryant, 112 S. Ct. 534 (1991), the Supreme Court recognized that "the qualified immunity standard gives ample room for mistakes of judgment in protecting all but the plainly incompetent or those who knowingly violate the law. This accommodation for reasonable error exists because officials should not err always on the side of caution because they fear being sued." Id. at 137. To determine whether the conduct is entitled to qualified immunity, courts ask two questions,

> [o]ne is whether the defendant's conduct violated a statutory or constitutional right. The other is whether the right at issue was clearly established when the conduct took place. [Courts] have discretion to address either inquiry first.

Sauers v. Borough of Nesquehoning, 905 F.3d 711, 716 (3d Cir. 2018). There is no clearer case than this one in which the Code Officer should not have to endure the litigation process any further as the immunity afforded is immunity from the suit itself.

### K.  PUNITIVE DAMAGES CLAIMS SHOULD BE DISMISSED

Punitive damages "are an extreme remedy" available under Pennsylvania law "in only the most exceptional matters." Keen v. C.R. Bard, Inc., 480 F. Supp. 3d 624 (E.D. Pa. 2020). They are appropriate for conduct that "goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured." Hutchinson ex rel. Hutchinson v. Luddy, 870 A.2d 766, 770 (Pa. 2005). The plaintiff's conclusory allegations against Code Enforcement Officer Slifer lack enough factual specificity to demonstrate even a "sheer possibility" that any of the Defendant's actions were sufficiently outrageous or reckless to warrant punitive damages. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus this Court should dismiss the punitive damages claims on the basis of insufficiency.

### IV.  CONCLUSION

In this case, the citations were brought before Magistrate Judges, but rather than present himself to address them, plaintiff instead absented himself and opted to report two Judges to the Judicial Conduct Board simply for doing their job. He also tried to have the Code Officer arrested on a private criminal complaint or complaints. To permit plaintiff to persist in this type misuse of the judicial system is detrimental to the rule of law and leaves public servants at the mercy of unscrupulous litigants such as plaintiff who refuse to appear and evade the state court system and then seek monetary damages in the federal court system while attempting to inhibit the Code Officer sued in his individual capacity from performing his duties in the enforcement of the Borough Ordinance against him.

A review of the allegations set forth in Plaintiff's Complaint as to Moving Defendants makes it abundantly clear that the claims must be dismissed for failing to state a claim upon

which relief can be granted, as frivolous, and/or on the basis of qualified immunity as to the individual defendant. For the reasons set forth above, Moving Defendants request that an appropriate Order be entered dismissing the aforesaid Complaint against the Moving Defendants with prejudice.

Respectfully submitted,

HOLSTEN ASSOCIATES, P.C.

BY:   /s/Suzanne McDonough
      SUZANNE MCDONOUGH, ESQUIRE
      Attorney ID No. 29394
      115 N. Jackson Street
      Media, PA  19063
      (O) (610-566-8800
      Email: smcdonough@holstenassoc.com
      Attorney for Richard Slifer and Borough of Upland
