**MARGOLIS EDELSTEIN**
Michael R. Miller, Esq.
Attorney No. 306904
E: mmiller@margolisedelstein.com
Curtis Center | Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106
P: (215) 922-1100
F: (215) 922-1772

*Attorneys for Defendant,*
*Walter Omlor*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN SANTUCCI<br><br>                                    *Plaintiff*,<br><br>vs.<br><br>BOROUGH OF UPLAND, a municipal corporation; RICHARD SLIFER, in his individual capacity; GEOGIA L. STONE, in her individual capacity; ANDREW GOLDBERG, in his individual capacity; WALTER OMLOR, in his individual capacity,<br><br>                                    *Defendants*. | **Civil Action**<br><br>**Case No.: 2:25-cv-05172-GJP**<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS** |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WALTER OMLOR'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

i

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………………..iii

I.   MATTER BEFORE THE COURT ...................................................................... iii

II.  STATEMENT OF FACTS ................................................................................... 1

    A. PROCEDURAL HISTORY ............................................................................. 1

    B. ALLEGATIONS IN PLAINTIFF'S COMPLAINT ...................................... 1

III. LEGAL ARGUMENT .......................................................................................... 2

    A. STANDARD OF REVIEW ............................................................................ 2

    B. PLAINTIFF FAILS TO ALLEGE EXTRAORDINARY CIRCUMSTANCES THAT
       WARRANTS THE FEDERAL COURT ENJOINING PENDING STATE
       PROCEEDINGS. ........................................................................................... 3

    C. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE OMLOR IS
       IMMUNE. ....................................................................................................... 5

        i.   Omlor is entitled to quasi-judicial immunity be he was acting as an "arm of the
             court" when he executed the warrants. ................................................... 6

        ii.  Omlor is entitled to qualified immunity because his conduct
             was not unreasonable. ............................................................................ 7

    D. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO
       STATE A CLAIM UNDER 42 U.S.C. § 1983. ............................................. 9

        i.   Plaintiff cannot state a claim under 42 U.S.C. § 1983 for violation of Procedural
             Due Process under the Fourteenth Amendment.................................... 10

        ii.  Plaintiff cannot state a claim under 42 U.S.C. § 1983 for violation of Substantive
             Due Process under the Fourteenth Amendment.................................... 12

        iii. Plaintiff cannot state a claim under 42 U.S.C. § 1983 for unlawful search and
             seizure under the Fourth Amendment. .................................................. 13

i

iv.    Plaintiff cannot state a claim under 42 U.S.C. § 1983 for violation of the Equal Protections Clause under the Fourteenth Amendment............................................. 14

v.    Plaintiff cannot state a claim under 42 U.S.C. § 1985(3) for conspiracy to violate civil rights. ...................................................................................................... 15

vi.    Plaintiff cannot state a claim under 42 U.S.C. § 1983 for retaliation for exercise of first amendment rights under the First Amendment. ............................................. 16

vii.    Plaintiff cannot state a claim under 42 U.S.C. § 1983 for violation of Equal Protection and Due Process under the Fourteenth Amendment............................ 17

**IV. CONCLUSION** ................................................................................................. 17

## TABLE OF AUTHORITIES

**CASES**

Abbott v. Latshaw
    164 F.3d 141 (3d Cir. 1998). ........................................................................ 18

Addlespurger v. Corbett,
    461 F. App'x 82 (3d Cir. 2012) .................................................................... 10

Alvin v. Suzuki,
    227 F.3d 107 (3d Cir. 2000) ....................................................................... 14

Andrews v. Borough of Collingsdale,
    329 Fed. Appx. 373 (2009) ......................................................................... 17

Ashcroft v. Iqbal,
    556 U.S. 662 (2009). .................................................................................. 7

Baker v. McCollan,
    443 U.S. 137 (1979) ................................................................................... 13

Barr v. Boyles,
    96 Pa. 31 (Pa. 1880) ............................................................................. 13, 18

Bd. Of Regents of State Colleges v. Roth,
    408 U.S. 564 (1972) ................................................................................... 14

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ............................................................................... 7, 20

Berg v. County of Allegheny,
    219 F.3d 261 (3d Cir. 2000) ....................................................................... 12

Burgess El v. Sanders,
    2023 U.S. Dist. LEXIS 192126 (E.D. Pa. Oct. 26, 2023)............................. 18

Caudill Seed & Warehouse Co. v. Prophet 21, Inc.,
    123 F.Supp.2d 826 (E.D. Pa. 2000) ............................................................ 22

Chambers v. Sch. Dist. of Phila. Bd. Of Educ.,
    587 F.3d 176 (3d Cir. 2009). ...................................................................... 17

Cinea v. Certo,
    84 F.3d 117 (3d Cir. 1996). ........................................................................ 18

Crouse v. S. Lebl. Twp.,

668 F. Supp. 2d 664 (M.D. Pa. 2009) .................................................................. 14

Ebert v. Twp. Of Hamilton,
    2018 U.S. Dist. 134066 (N.J. Dist. Ct. Aug. 9, 2018) ...................................... 15

Estate of Smith v. Marasco,
    318 F.3d 497 (3d Cir. 2003) ............................................................................. 21

Evancho v. Fisher,
    423 F.3d 347 (3d Cir. 2005). ............................................................................ 14

Gerstein v. Pugh,
    420 U.S. 103 (1975) .......................................................................................... 14

Giannone v. Ayne Inst.,
    290 F.Supp.2d 553 (E.D. Pa. 2003) .................................................................. 21

Grayson v. Mayview State Hosp.,
    293 F.3d 103 (3d Cir. 2002). .............................................................................. 7

Great Western Mining & Mineral Co. v. Fox Rothschild LLP,
    615 F.3d 159 (3d Cir. 2010). ............................................................................ 20

Harlow v. Fitzgerald,
    457 U.S. 800 (1982). ..........................................................................10, 11, 12

Hedges v. United States,
    404 F.3d 744 (3d Cir. 2005). .............................................................................. 7

Hill v. Borough of Kutztown,
    455 F.3d 225 (3d Cir. 2006). ...................................................................... 16, 19

In Re Burlington Coat Factory Sec. Litig.,
    114 F.3d 1410 (3d Cir. 1997). ............................................................................ 8

Jubilee v. Horn,
    959 F.Supp. 276 (E.D. Pa. 1997). .................................................................... 21

Juidice v. Vail,
    430 U.S. 327 (1977) ............................................................................................ 9

Kovalev v. Wakefield,
    2024 U.S. Dist. 202771 (E.D. Pa. Nov. 7, 2024) ............................................. 19

Lugar v. Edmondson Oil Co.,
    457 U.S. 922 (1982) .................................................................................... 13, 14

Mark v. Borough of Hatboro,
    51 F.3d 1137 (3d Cir. 1995). ........................................................... 13

Meketa v. Kamoie,
    955 F.Supp.2d 345 (M.D. Pa. 2013). ......................................... 15, 17

Messerschmidt v. Millender,
    565 U.S. 535 (2012)......................................................................... 12

Middlesex County Ethics Comm. v. Garden State Bar Ass'n,
    457 U.S. 423 (1982)........................................................................... 8

Millbrook v. United States,
    8 F.Supp.3d 601 (M.D. Pa. 2014) ................................................... 14

Mitchum v. Foster
    407 U.S. 225 (1972)........................................................................... 9

Nekrilov v. City of Jersey City,
    45 F.4th 662 (3d Cir. 2022). ........................................................... 17

Oklahoma City v. Tuttle,
    471 U.S. 808 (1985)......................................................................... 13

Oliveria v. Twp. Of Irvington,
    41 F. App'x 555 (3d Cir. 2002). ...................................................... 19

Pearson v. Callahan,
    555 U.S. 223 (2009)..........................................................................11

Pennzoil Co. v. Texaco, Inc.,
    481 U.S. 1 (1987)............................................................................... 9

Pension Benefit Guar. Corp. v. White Consol. Indus.,
    998 F.2d 1192 (3d Cir. 1993) ............................................................ 8

Perano v. Twp. Of Tilden,
    423 F. App'x 234 (3d Cir. 2011). .................................................... 19

Phillips v. County of Allegheny,
    515 F.3d 224 (3d Cir. 2008). ............................................................. 7

Post v. Hartford Life & Accident Ins. Co.,
    2002 U.S. Dist. LEXIS 23384 (E.D. Pa. Dec. 6, 2002) ................... 21

Rauser v. Horn,
       241 F.3d 330 (3d Cir. 2001). .................................................................... 20

Reuben v. O'Brief,
       91 Pa. Commw. 80 (Pa. Commw. Ct. 1985) ................................................ 10

Rode v. Dellarciprete,
       845 F.2d 1195 (3d Cir. 1988). ............................................................... 14, 21

Russell v. Richardson,
       905 F.3d 239 (3d Cir. 2018) .................................................................... 10

Russell v. Richardson,
       905 F.3d 239 (3d Cir. 2018). ................................................................10, 11

Siegel v. Miller,
       446 F. Supp.2d 346 (E.D. Pa. 2006). ....................................................... 10

Simms v. Slacum,
       7 U.S. 300 (1806). .................................................................................... 18

Spainer v. Kane,
       34 F.Supp.3d 524 (M.D. Pa. 2014). ........................................................... 7

Specialty Ins. v. Royal Indem. Co.,
       2002 U.S. Dist. LEXIS 12203 (E.D. Pa. Mar. 25, 2002) ............................ 21

Vakkas v. Tyson Assocs.,
       2000 Dist. LEXIS 3827 (E.D. Pa. March 28, 2000) ................................... 18

Yarris v. County of Delaware,
       465 F.3d 129 (3d Cir. 2006). ................................................................. 9, 10

Younger v. Harris,
       401 U.S. 37 (1971). ............................................................................... 8, 9

**Statutes**

28 U.S.C. § 2283 ................................................................................................ 8

42 U.S.C. § 1983 ............................................................................................... 13

**Constitutional Provisions**

U.S. Const. Amend. XIV, § 1 ........................................................................................... 19

## I.    MATTER BEFORE THE COURT

Before this Honorable Court is Defendant Walter Omlor's ("Omlor") Motion to Dismiss the Complaint of Plaintiff, Carmen Santucci ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    STATEMENT OF FACTS[1]

### A.    PROCEDURAL HISTORY

Plaintiff filed a civil action in the Eastern District of Pennsylvania on September 9, 2025, against Walter Omlor ("Omlor"), a Pennsylvania Constable, in his individual capacity. (See Exhibit "A," Plaintiff's Complaint). Defendant Omlor now timely files his response on October 1, 2025, requesting this court dismiss Plaintiff's Complaint.

### B.    ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff alleges he owns the property at 515 West 24th Street, Upland, Pennsylvania 19013, where he parks his vehicle on an unpaved part of his property. See Plaintiff's Complaint, ¶ 5, 11. Over the relevant period, there were nine (9) citations issued for Plaintiff's failure to comply with an ordinance that prohibited unpaved parking on residential lots. See Plaintiff's Complaint, ¶ 20. Plaintiff disputes the validity of the warrants due to lack of jurisdiction and seeks relief against Omlor for carrying out allegedly invalid warrants. See Plaintiff's Complaint, ¶ 41.

Plaintiff alleges the warrants are invalid due to lack of jurisdiction because the Media Municipal Court did not have personal jurisdiction over him. See Plaintiff's Complaint, ¶ 40. Of the nine (9) total citations, Plaintiff alleges seven (7) of them were transferred from Brookhaven Municipal Court to Media Municipal Court. See Plaintiff's Complaint, ¶ 21. Plaintiff further

---

[1] Defendants set forth the relevant facts as alleged in the Complaint for purposes of this Motion only and reserve the right to deny all facts and allegations if the Motion is denied.

alleges the remaining two (2) were filed directly into Media Municipal Court. <u>See Plaintiff's Complaint</u>, ¶ 23.

With respect to Omlor, Plaintiff alleges Omlor violated his civil rights for exercising his authority as Constable. <u>See Plaintiff's Complaint</u>, ¶ 1. Specifically, because the series of warrants issued were improper and lacked validity. <u>See Plaintiff's Complaint</u>, ¶ 72. As a result, Omlor trespassed onto his property, improperly banging at the window and looking over the fence, and improperly called and left voicemails for Plaintiff. <u>See Plaintiff's Complaint</u>, ¶ 79.

Plaintiff filed a series of actions pursuant to 42 U.S.C. § 1983 ("Section 1983") against Omlor, alleging he violated the following rights: procedural due process under the Fourteenth Amendment, substantive due process under the Fourteenth Amendment, unlawful search and seizure under the Fourth Amendment, equal protection under the Fourteenth Amendment, retaliation for exercise of the First Amendment, and violation of equal protection and due process. Plaintiff also alleges Omlor conspired to violate his civil rights under 42 U.S.C. § 1985(3).

## III.    LEGAL ARGUMENT

### A.    STANDARD OF REVIEW

When evaluating motions under R. 12(b)(6), the court reviews a plaintiff's complaint by taking all well-pleaded facts as true, and only "consider[ing] the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim," determine whether Plaintiff has shown they are entitled to relief. <u>Spainer v. Kane</u>, 34 F.Supp.3d 524, 526 (M.D. Pa. 2014).

A court must consider the allegations in light most favorable to a pro se plaintiff when making this determination. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 229 (3d Cir. 2008). The

moving party bears the burden of proving a plaintiff has not shown they are entitled to relief. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

A plaintiff has not shown they are entitled to relief if, when accepting all the facts alleged the complaint as true, there are not "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is not enough if the allegations merely speculate a plaintiff's right to relief. Id. at 555. This requires each "fact to raise a reasonable expectation that discovery will reveal evidence of [the necessary elements]" for each cause of action a plaintiff pleads. Id. at 556. Federal pleading requirements are not satisfied by mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555. There must be more than conclusory statements. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009). Though a court may permit a curative amendment for a complaint to be sufficient, the amendments should not be permitted if it is inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 103 (3d Cir. 2002).

A court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). As such, if the document is integral to, or explicitly relied upon, in the complaint, it may be considered without converting the motion into one for summary judgment. In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

**B.     PLAINTIFF FAILS TO ALLEGE EXTRAORDINARY CIRCUMSTANCES THAT WARRANTS THE FEDERAL COURT ENJOINING PENDING STATE PROCEEDINGS.**

Plaintiff's claims are brought to enjoin pending state proceedings arising out of a series of ongoing criminal proceedings in Delaware County, Pennsylvania. Under 28 U.S.C. § 2283, "[a]

3

Court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

Federal courts are barred from enjoining pending state proceedings absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37 (1971). Younger is applicable to non-criminal judicial proceedings where important state interests are involved. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The Court should abstain where (1) there are ongoing state proceedings involving the would-be federal plaintiffs that are judicial in nature, (2) the state proceedings implicate important state interest, and (3) the state proceedings afford an adequate opportunity to raise the federal claims. Id. at 432.

Plaintiff has not put forth any allegations that would warrant an extraordinary circumstance for this court to intervene. Applying the Younger standard, his warrants are outstanding, and the proceedings are ongoing. These proceedings implicate the state interest of the Borough of Upland for requiring compliance with its ordinance to prevent the use of unpaved roads. Lastly, there is no reason a state court could not adequately adjudicate the claims presented by Plaintiff, all Plaintiff requires is a venue in which to seek redress for him Section 1983 claims. See Juidice v. Vail, 430 U.S. 327, 227 (1977).

The only basis for federal court interference is when exceptional circumstances are met including (1) irreparable harm is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment, or (4) other unusual circumstances that would call for equitable relief. Mitchum v. Foster, 407 U.S. 225, 230 (1972) (citing Younger v. Harris, 401 U.S. 37, 45-54 (1971)). Federal

constitutional objections can be determined by state Judges as "Article VI of the United States Constitution declares that 'Judge in every State shall be bound' by the Federal Constitution, laws, and treaties." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Federal courts should abstain to avoid unwarranted determination of federal constitutional questions when state statutes are interpreted, and their interpretations can be disregarded by the state courts as a non-binding advisory opinion. Id. at 11.

Plaintiff has presented no allegations that would show there are extraordinary circumstances of immediate irreparable harm, an unconstitutional state law, or any showing of bad faith or harassment. Plaintiff is merely seeking relief for claims that may be properly adjudicated in state court.

## C. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE OMLOR IS IMMUNE.

Two types of immunity exist under Section 1983: absolute immunity and qualified immunity. Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006). Absolute immunity is given to those who perform "special functions," and protects decision makers from incurring personal responsibility for actions they took in their position. Id. Most often, absolute immunity is applied to public officials, such as judges. Id. Qualified immunity comes into play when an individual is not immune per se, but is immune because in the relevant situation, did not take an action that was unreasonable. Siegel v. Miller, 446 F. Supp.2d 346, 351 (E.D. Pa. 2006). The purpose of immunity is to serve as a "protection to shield [public officials] from undue interference with their duties and from potentially disabling threats of liability." Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982).

      i.    <u>Omlor is entitled to quasi-judicial immunity be he was acting as an "arm of the court" when he executed the warrants.</u>

Quasi-judicial immunity applies to those who serve as "arms of the court, fulfilling a quasi-judicial role at the court's request." <u>Russell v. Richardson</u>, 905 F.3d 239, 249 (3d Cir. 2018). The Third Circuit has held that constables "enjoy quasi-judicial immunity from liability for damages" in the event they are sued in their individual capacity as a result "of carrying out facially valid court orders." <u>Addlespurger v. Corbett</u>, 461 F. App'x 82, 85 (3d Cir. 2012). <u>See also</u> <u>Addlespurger v. Corbett</u>, 461 F. App'x 82, 85 (3d Cir. 2012) (holding a Constable is protected by quasi-judicial immunity if the warrant is facially valid); <u>Reuben v. O'Brief</u>, 91 Pa. Commw. 80 (Pa. Commw. Ct. 1985) (a constable was entitled to quasi-judicial immunity for actions taken at the direction of a district judge).

When a court is tasked with determining whether quasi-judicial immunity applies to a Constable, the deciding question is whether a complaint speaks to the unreasonable manner in which the warrant was carried out. <u>See Russell v. Richardson</u>, 905 F.3d 239 (3d Cir. 2018) (holding a Constable was not entitled to quasi-judicial immunity when the allegations concerned the manner in which the Constable carried out his duties). Unlike <u>Russell</u>, Plaintiff broadly claims Omlor engaged in intimidation and harassment because he executed warrants that were invalid due to a lack of jurisdiction. Plaintiff includes conclusory allegations that Omlor engaged in threatening and harassing behavior in executing the warrants, but only merely alleges that Omlor 'threatened' Plaintiff that he would be arrested, and his car would be towed. <u>See</u> <u>Compl.</u>, ¶ 79. As such, these allegations lack the requisite facts to describe harassment and intimidation that would show Plaintiff is entitled to relief.

In considering the totality of Plaintiff's Complaint, it is clear he seeks relief because Omlor executed warrants Plaintiff believes were invalid due to jurisdictional issues. Plaintiff is merely

alleging Omlor did not have the authority to carry out his duties and fails to allege any substantiated facts to indicate the manner in which Omlor carried out his duties was unreasonable. The allegations in Plaintiff's Complaint deal with actions Omlor took as a Constable of Pennsylvania by executing warrants he was assigned by Judge Goldberg. As such, he was merely acting as "an arm of the court." Russell v. Richardson, 905 F.3d 239, 249 (3d Cir. 2018). Omlor is entitled to quasi-judicial immunity and all counts against him must be dismissed.

> ii.    Omlor is entitled to qualified immunity because his conduct was not unreasonable.

Qualified immunity protects individuals, who serve as elected officials, "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In determining whether qualified immunity should apply, a court must balance two important interests. Pearson v. Callahan, 555 U.S. 223, 231 (2009). First, "the need to hold public officials accountable when they exercise power irresponsibly," and second, "the need to shield officials from harassment, distraction, and liability when they perform their duties responsibly." Id.

A state official seeking qualified immunity must show the official's conduct was objectively reasonable. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). An official's conduct was objectively reasonable if the "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. Qualified immunity provides elected officials the "breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowing violate the law." Messerschmidt v. Millender, 565 U.S. 535, 546 (2012).

Plaintiff fails to allege any fact that shows Omlor acted unreasonable by intimidating or harassing Plaintiff in executing the warrants. Plaintiff included one paragraph in the Complaint that describes Omlor's actions, and alleges:

> In these threatening communications, Defendant Omlor repeated his threats to:
> a. Arrest Plaintiff;
> b. Send other persons to arrest the Plaintiff;
> c. Tow Plaintiff's vehicle from his private property;
> d. Threatened that some action he was about to take against the Plaintiff was "*Now Down To The 12th Hour*".

Compl., ¶ 79.

None of these actions indicate Omlor was unreasonable in executing the warrant and violated Plaintiff's civil rights. The series of warrants advised Plaintiff that parking his vehicle on an unpaved road was a violation of the Borough of Upland's ordinance. Omlor possessed the authority to execute the warrant by accepting payment for the fine in full and/or arrest Plaintiff. (See Exhibit "B", Bench Warrants). Omlor was merely advising Plaintiff of the warrants, and to no avail, Plaintiff was not being responsive. Furthermore, there was no indication the warrants were facially invalid. See Berg v. County of Allegheny, 219 F.3d 261, 273 (3d Cir. 2000)(qualified immunity has generally been extended to an officer who executes a warrant when "it is reasonable for an officer to assume that a warrant has been issued for probable cause").

Also, Plaintiff broadly claims there are jurisdictional issues with the warrant, but a Constable is not required to complete an analysis as to whether the warrant is valid due to jurisdiction. See Barr v. Boyles, 96 Pa. 31, 36 (Pa. 1880)(holding a constable was not required to determine whether the judge who issued the warrant had jurisdiction, and he was protected in the event there was no jurisdiction, because his duty was to execute the warrant). Omlor merely executed the warrant in accordance with his duties and is therefore entitled to qualified immunity.

8

**D.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.**

42 U.S.C. § 1983 provides, in pertinent part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other property proceeding for redress…

Section 1983 is not a substantive right but rather provides redress for an alleged violation of a plaintiff's federal right. Baker v. McCollan, 443 U.S. 137, 146 (1979); see also Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that an individual, acting under the color of law, deprived him of a federal right. Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995).

"[T]he conduct allegedly causing the deprivation of a federal right must be fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). 'Fairly attributable' requires a plaintiff to show (1) the deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) the charged party "must be a person who may fairly be said to be a state actor." Id.

In reviewing a civil rights complaint, the plaintiff must allege the conduct, time, place and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). In turn, each individual named in the complaint must "have been personally involved in the events or occurrences which underlie a claim." Millbrook v. United States, 8 F.Supp.3d 601, 613 (M.D. Pa. 2014)(citation omitted). A complaint has properly plead personal

involvement if allegations state, with particularity, the "participation or actual knowledge and acquiescence" of the individual. Rode v. Dellaciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

           i.    Plaintiff cannot state a claim under 42 U.S.C. § 1983 for violation of Procedural Due Process under the Fourteenth Amendment.

To survive a motion to dismiss, the plaintiff must show the "property was taken in a procedurally deficient manner." Crouse v. S. Lebl. Twp., 668 F. Supp. 2d 664, 674 (M.D. Pa. 2009) (citing Bd. Of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71 (1972); Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). However, if the plaintiff's allegations concern a pretrial deprivation of liberty that is linked to a criminal proceeding, the Fourth Amendment serves as the proper vehicle for that claim. Crouse v. S. Lebl. Twp., 668 F. Supp. 2d 664, 674 (M.D. Pa. 2009).

Specifically, a plaintiff's claim under the Fourteenth Amendment must be dismissed if it asserts improper seizure of property. See Gerstein v. Pugh, 420 U.S. 103, 125 n.27 (1975) (reasoning the Fourth Amendment "was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizure of persons or property in criminal cases"). "This rule has been extended to preclude both procedural and substantive due process claims where the rights underlying the same are derived from an otherwise protected by the Fourth Amendment." Meketa v. Kamoie, 955 F.Supp.2d 345, 365 (M.D. Pa. 2013). See Ebert v. Twp. Of Hamilton, No. 15-7331, 2018 U.S. Dist. 134066, 2018 WL 3772677, at *15-16 (N.J. Dist. Ct. Aug. 9, 2018) (a plaintiff's claim for violation of his substantive due process right was dismissed because his claims regarding deprivation of property the Fourth Amendment is the proper guide for analyzing the claim).

Plaintiff alleges Omlor violated his Fourteenth Amendment right to procedural due process by

> [s]earching private property, threatening arrest and property seizure
> based on invalid legal proceedings and false documentation.

Compl., ¶ 104.

Plaintiff is alleging that Omlor improperly threatened the seizure of his property, but did not complete the seizure, due to an allegedly invalid warrant. This allegation relates entirely to an improper seizure of property, which is a right "otherwise protected by the Fourth Amendment." Meketa v. Kamoie, 955 F.Supp.2d 345, 365 (M.D. Pa. 2013). Specifically, Plaintiff alleges Omlor's threat of procedure was a violation of due process and provides no allegations that address the procedural aspect of the warrants. As such, Plaintiff is seeking relief for the threat of a seizure of property, and not the procedural process of obtaining the warrant, against Omlor. Plaintiff has filed a Fourth Amendment claim that puts forth similar allegations to this due process claim. As a result, Plaintiff's claim as to an alleged unlawful deprivation of his property can be addressed solely in the Fourth Amendment claim, which is Count III of the Complaint.

However, in the event this court finds it appropriate to let Plaintiff bring a procedural due process claim under the Fourteenth Amendment, Plaintiff must show: "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law." Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). Due process requires the "opportunity to be heard at a meaningful time and in a meaningful manner." Id.

Plaintiff fails to meet the pleading requirements for this claim. Plaintiff alleges he was deprived of his due process of law when Omlor threatened him with arrest and seizure of his property. Plaintiff fails to plead he was deprived of his interest in property because he acknowledges in his pleading he was only threatened with seizure, never alleging seizure actually occurred. Furthermore, Plaintiff does not allege the procedure he was deprived of against Omlor.

11

Plaintiff references that all defendants failed to provide notice to him of the hearing, but that is not

a task in which Omlor would have any part in. Rather, Omlor's duties are limited to accepting the

warrant as an assignment, and executing what that warrant says. There are no allegations that

Omlor specifically caused or contributed to the alleged failure to provide Plaintiff due process of

law, let alone the process he was allegedly deprived of.

      ii.   <u>Plaintiff cannot state a claim under 42 U.S.C. § 1983 for violation of Substantive Due Process under the Fourteenth Amendment.</u>

Similar to Plaintiff's procedural due process claim, this claim cannot survive a motion to

dismiss because Plaintiff's claim is better suited under the Fourth Amendment. Plaintiff's claim

references a right protected under the Fourth Amendment by alleging:

> Defendants violated Plaintiff's substantive due process rights by
> interfering with his fundamental property rights through a four year
> long pattern of terror, harassment, intimidation, extortion, and abuse
> of legal process over the Plaintiff's lawful use of his own private
> property.

<u>Compl.</u>, ¶ 108.

Plaintiff offers a conclusory allegation that his fundamental property rights were interfered

with because of Omlor's actions in executing the warrant. Specifically, his right to redress stems

from an alleged unlawful seizure arising from a series of warrants issued by the Media Municipal

Court. <u>See</u> <u>Meketa v. Kamoie</u>, 955 F.Supp.2d 345, 365 (M.D. Pa. 2013). In sum, the right to relief

that Plaintiff seeks is best served under a cause of action for the Fourth Amendment.

In the event Plaintiff continues with his substantive due process claim, Plaintiff has failed

to plead enough allegations to show he is entitled to relief. Substantive due process is a part of the

Fourteenth Amendment that protects an individual's liberty, regardless of the fairness in the

procedures involved. <u>Nekrilov v. City of Jersey City</u>, 45 F.4th 662, 680 (3d Cir. 2022). A plaintiff's

complaint must allege (1) "the particular interest at issue is protected by the substantive due

process clause," and (2) "the government's deprivation of that protected interest shocks the conscience." Chambers v. Sch. Dist. of Phila. Bd. Of Educ., 587 F.3d 176, 190 (3d Cir. 2009).

Even if a plaintiff can demonstrate they have a protected property interest, the plaintiff must allege the behavior of the state actor 'shocks the conscience.' See Andrews v. Borough of Collingsdale, 329 Fed. Appx. 373, 375 (2009) (affirming dismissal of the plaintiffs' substantive due process claim when the state actor complied with Borough requirements to prevent habitation in a property that was uninhabitable for tenants because those actions do not shock the conscience).

Plaintiff has failed to allege he was deprived of a property interest, and if deprivation did occur, that the deprivation shocks the conscience. In the Complaint, Plaintiff references that he has a fundamental right in the "use and enjoyment of his private property." Compl., ¶ 107. However, Plaintiff does not allege anything substantive beyond that. Plaintiff merely claims that Omlor approached his property with warrants, and in doing so, Omlor engaged in intimidation and harassment. These allegations do not show Omlor's actions would shock the conscience. Omlor complied with his duties as a Constable, in exercising warrants that Plaintiff violated for parking his car on an unpaved road, and took no action that would be deemed unreasonable.

iii.  Plaintiff cannot state a claim under 42 U.S.C. § 1983 for unlawful search and seizure under the Fourth Amendment.

To survive a motion to dismiss, the plaintiff must allege the actions of the defendant "(1) constituted a 'search' or 'seizure' within the meaning of the Fourth Amendment, and (2) were 'unreasonable' in light of the surrounding circumstances." Vakkas v. Tyson Assocs., 2000 Dist. LEXIS 3827 at *12 (E.D. Pa. March 28, 2000). Seizure of property requires a showing of "some meaningful interference with an individual's possessory interests in that property." Abbott v. Latshaw, 164 F.3d 141, 149 (3d Cir. 1998). A seizure only violates the Fourth Amendment if it is unreasonable. Cinea v. Certo, 84 F.3d 117, 124 (3d Cir. 1996). If "the officers were acting pursuant

to a court order…a showing of unreasonableness on these facts would be a laborious task indeed." Simms v. Slacum, 7 U.S. 300, 301 (1806). See Burgess El v. Sanders, 2023 U.S. Dist. LEXIS 192126 at *4 (E.D. Pa. Oct. 26, 2023) (explaining it is not an unreasonable seizure for officers to act pursuant to a court order and dismiss plaintiff's conclusory allegations that his civil rights were violated under the fourth amendment).

Omlor was acting pursuant to warrants when he visited, or attempted to make contact over the phone with, Plaintiff. Plaintiff alleges the warrants were invalid due to a lack of jurisdiction; however, this is not an analysis that a Constable would be required to complete when executing the warrant. See Barr v. Boyles, 96 Pa. 31, 36 (Pa. 1880). Omlor carried out the terms of the warrants, and there are no allegations concerning unreasonable behavior exhibited by Omlor. All the Complaint alleges is that Omlor was "acting pursuant to a court order." See Simms v. Slacum, 7 U.S. 300, 301 (1806).

iv.    Plaintiff cannot state a claim under 42 U.S.C. § 1983 for violation of the Equal Protections Clause under the Fourteenth Amendment.

Under the equal protections clause, no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. A plaintiff who seeks relief under the equal protections clause is required to first plead they are a member of a protected class. Oliveria v. Twp. Of Irvington, 41 F. App'x 555, 559 (3d Cir. 2002). Often, these allegations show a plaintiff was treated differently based on color, nationality, ethnicity or race. Kovalev v. Wakefield, No. 24-5474, 2024 U.S. Dist. 202771, 2024 WL 4713844, at *6 (E.D. Pa. Nov. 7, 2024). However, in the event a plaintiff fails to make this allegation, the Third Circuit has recognized 'class of one claims.' Hill v. Borough of Kutztown, 455 F.3d 255, 239 (3d Cir. 2006).

A 'class of one' approach requires the plaintiff to allege: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was

14

no rational basis for the difference in treatment." Id. A plaintiff cannot survive a motion to dismiss if there is no "existence of such similarly situated parties." Perano v. Twp. Of Tilden, 423 F. App'x 234, 238 (3d Cir. 2011).

Plaintiff cannot state a claim under the equal protections clause. Even if this court took the 'class of one' approach, Plaintiff has still not sufficiently plead he was treated differently. Plaintiff merely alleges that he had warrants issued for him that dealt with a parking violation, and because of that, he was treated differently than those similarly situated. There are no allegations that show similar situations where others received preferential, or better, treatment than Plaintiff. There are also no allegations that show Omlor intentionally treated Plaintiff differently than others in a similar position. Plaintiff has not shown he is entitled to relief under the equal protections clause.

> v.     Plaintiff cannot state a claim under 42 U.S.C. § 1985(3) for conspiracy to violate civil rights.

Plaintiff's complaint must be dismissed because he has failed to allege there was a conspiracy to violate his civil rights. Plaintiff has not presented sufficient allegations to show the defendants conspired, or had a pre-arranged plan, to violate Plaintiff's constitutional rights.

A plaintiff must assert facts to show "a conspiratorial agreement can be inferred." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010). Conclusory allegations, such as "there was 'a corrupt conspiracy,' 'an agreement,' or 'an understanding in place," will not suffice. Id. at 178. As such, allegations such as 'defendants conspired and agreed' are insufficient. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010) (dismissing a plaintiff's conspiracy cause of action for failure to allege the approximate time the agreement was made, the specific parties to the agreement, the period the conspiracy existed, and/or the object of the conspiracy). Rather, a

plaintiff must plead facts that "raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Twombly, 550 U.S. at 556.

Plaintiff has not presented any allegations concerning what the conspiracy is, rather just a series of actions that took place and speculates it was done for an improper purpose. Merely alleging "Defendants conspired and agreed among themselves to deprive Plaintiff of his constitutional rights" is insufficient. Compl., ¶ 117. Plaintiff must submit allegations that show there was an illegal agreement.

vi.    Plaintiff cannot state a claim under 42 U.S.C. § 1983 for retaliation for exercise of first amendment rights under the First Amendment.

A First Amendment retaliation claim requires a plaintiff to allege: (1) he participated in a constitutionally protected activity; (2) he suffered an 'adverse action' from the state actor, and (3) there is a "causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). In considering the third factor, the plaintiff must allege more than broad and conclusory statements discussing causation. Jubilee v. Horn, 959 F.Supp. 276, 283 (E.D. Pa. 1997). Rather, the plaintiff must allege the defendants were aware of the constitutionally protected activity at the time of the alleged retaliatory behavior. Id. See Estate of Smith v. Marasco, 318 F.3d 497, 513 (3d Cir. 2003) (evidence of temporal proximity is not enough to prove causation). In the event the plaintiff's allegations concern multiple defendants, the plaintiff must allege that each defendant have possessed "personal involvement" in the matter. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff fails to allege Omlor had a 'personal involvement' in the retaliation. In alleging constitutionally protected activity, Plaintiff alleges he filed grievances against Defendant Slifer, Defendant Magistrate Stone, and Defendant Magistrate Goldberg. However, Plaintiff fails to allege how, or why, these grievances would be related to Omlor. Plaintiff also fails to describe how Omlor

16

was personally involved in the retaliation, apart from a mere conclusory statement that he retaliated against Plaintiff. As such, Plaintiff has failed to show he is entitled to relief for Omlor retaliated against Plaintiff's use of his First Amendment right to petition the government for redress of grievances.

> vii.  Plaintiff cannot state a claim under 42 U.S.C. § 1983 for violation of Equal Protection and Due Process under the Fourteenth Amendment.

Under Rule 12(b)(6), duplicative causes of action may be properly dismissed. See Giannone v. Ayne Inst., 290 F.Supp.2d 553, 566 (E.D. Pa. 2003) (dismissing two causes of action because they were substantively duplicative). See also Post v. Hartford Life & Accident Ins. Co., No. 0-1917, 2002 U.S. Dist. LEXIS 23384, at *16 (E.D. Pa. Dec. 6, 2002) (dismissed one of two claims because they were "substantively identical"); Specialty Ins. v. Royal Indem. Co., No. 00-2482, 2002 U.S. Dist. LEXIS 12203, at *19 (E.D. Pa. Mar. 25, 2002) (the court dismissed a count that was a duplication of another count); Caudill Seed & Warehouse Co. v. Prophet 21, Inc., 123 F.Supp.2d 826, 834 (E.D. Pa. 2000) (dismissed a count for "merely duplicat[ing]" another count).

Plaintiff duplicates Count I, Count II and Count IV as these violations of Section 1983 have already been plead. Further, all of Count I, Count II, Count IV and this count, Count X, are posited against all defendants. As such, it is unnecessary for the Plaintiff to continue with this count as his claims can be addressed through the other counts.

## IV.    CONCLUSION

Based on the foregoing reasons, Defendant Walter Omlor respectfully asks this Honorable court to dismiss the entirety of Plaintiff's claims against him. Plaintiff Carmen Santucci cannot bring this action because he failed to allege any extraordinary circumstances that would warrant the federal court's intervention. In the alternative, Defendant Walter Omlor is immune from suit

with respect to the allegations put forth by Plaintiff. In the alternative, Plaintiff's Complaint must

be dismissed for failure to state a claim upon which relief can be granted.

**MARGOLIS EDELSTEIN**

 */s/ Michael M. Miller, Esq.*
MICHAEL RONALD MILLER, ESQ.
CHRISTOPHER J. GILLIGAN, ESQ.
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Tel.:    215.922.1100

Date: October 1, 2025                    *Attorneys for Defendant Walter Omlor*

18