Carmen Santucci
515 West 24th Street
Upland, Pennsylvania 19013
610-203-0248
*Plaintiff.*

# DISTRICT COURT OF THE UNITED STATES
## for the
### Eastern District of Pennsylvania

| | |
|---|---|
| Carmen Santucci<br>*Plaintiff,*<br><br>*vs.*<br><br>BOROUGH OF UPLAND, a municipal corporation; RICHARD SLIFER, in his individual capacity; GEORGIA L. STONE, in her individual capacity; ANDREW GOLDBERG, in his individual capacity; WALTER OMLOR, in his individual capacity,<br>*Defendants.* | **Civil Action No. _____**<br><br>CIVIL RIGHTS COMPLAINT FOR DAMAGES<br><br>AFFIDAVIT OF PROBABLE CAUSE: For deprivation of Constitutional Rights under color of law, under Title 42 U.S.C. § 1983, Title 42 U.S.C. § 1985(3), Title 28 U.S.C. § 1331, § 1343 (a) (3), Title 28 U.S.C. § 1367.<br><br>TRIAL BY JURY DEMANDED |

# TABLE OF CONTENTS

I.      JURISDICTION AND VENUE     4

II.     PARTIES     4

III.    FACTUAL ALLEGATIONS     5

   A.  BACKGROUND AND PROPERTY RIGHTS     5
   B.  VAGUE AND UNDEFINED ORDINANCE     5
   C.  FOUR-YEAR PATTERN OF SYSTEMATIC MISCONDUCT     6
      1. Initial Filings and Arbitrary Pattern of Transfers     6
      2. Denial of Due Process Through Failure to Provide
         Required Documentation and Notice of Transfers     6
      3. Complete Absence of Jurisdiction by Both Magistrates     7
      4. False Claims of Arrest Authority     8
      5. Issuance of Invalid Arrest Warrants     9
      6. Denial of Due Process Through Inadequate Notice     9
      7. Obstruction of Government Transparency     11
      8. Extra-jurisdictional Harassment and Intimidation     12
   D.  PATTERN OF GOVERNMENT RETALIATION     13
      1. Criminal Complaint Against Slifer and Immediate Retaliation     13
      2. Judicial Complaint Against Magistrate Stone and Transfer Retaliation     13
      3. Judicial Complaint Against Magistrate Goldberg and Escalated Retaliation     14
   E.  PATTERN OF INCONSISTENT AND ARBITRARY ENFORCEMENT     14

IV.     CAUSES OF ACTION     15

COUNT I: VIOLATION OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983 –
Fourteenth Amendment) ................................................................. 15

COUNT II: VIOLATION OF SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983 –
Fourteenth Amendment) ................................................................. 16

COUNT III: UNLAWFUL SEARCH AND SEIZURE (42 U.S.C. § 1983 – Fourth
Amendment) ..................................................................................... 16

COUNT IV: VIOLATION OF EQUAL PROTECTION (42 U.S.C. § 1983 – Fourteenth
Amendment) ..................................................................................... 16

COUNT V: CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1985(3)) ....... 17

COUNT VI: MUNICIPAL LIABILITY UNDER MONELL ........................................... 17

COUNT VII: VOID FOR VAGUENESS (42 U.S.C. § 1983 – Fourteenth Amendment) 18

COUNT VIII: ACTING WITHOUT JURISDICTION (42 U.S.C. § 1983 – Fourteenth Amendment) ............................................................................................... 18

COUNT IX: RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS (42 U.S.C. § 1983 – First Amendment) ........................................................... 19

COUNT X: VIOLATION OF EQUAL PROTECTION AND DUE PROCESS (42 U.S.C. § 1983 – Fourteenth Amendment) ................................................................. 20

V.      **DAMAGES  21**

   A.  ECONOMIC DAMAGES  21
   B.  NON-ECONOMIC DAMAGES  21
   C.  PUNITIVE DAMAGES (INDIVIDUAL DEFENDANTS ONLY)  22

VI.     **RELIEF  23**

VII.    **JURY DEMAND  23**

VIII.  **VERIFICATION  24**

# COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

Carmen Santucci ("Plaintiff") sues Defendants Borough of Upland, Richard Slifer, Georgia L. Stone, Andrew Goldberg, and Walter Omlor for money damages resulting from violation of rights and states:

## I. JURISDICTION AND VENUE

**1.** This action arises under the Civil Rights Act, 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

**2.** This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

**3.** This Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.

**4.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the events giving rise to this action occurred within this judicial district.

## II. PARTIES

**5.** Plaintiff owns property in Upland, Pennsylvania, that contains his home, which is used strictly as shelter.

**6.** Defendant RICHARD SLIFER ("Slifer") is and was at all relevant times the Code Enforcement Officer for the Borough of Upland, acting under color of state law.

**7.** Defendant BOROUGH OF UPLAND ("Borough") is a municipal corporation organized under Pennsylvania law, which employs Defendant Slifer and maintains policies, practices, and customs that caused the constitutional violations alleged.

**8.** Defendant GEORGIA L. STONE ("Magistrate Stone") is and was at all relevant times the Magistrate for District Court 32-2-39, acting under color of state law.

**9.** Defendant ANDREW GOLDBERG ("Magistrate Goldberg") is and was at all relevant times the Magistrate for District Court 32-2-46, acting under color of state law.

**10.** Defendant WALTER OMLOR ("Omlor") is and was at all relevant times a Constable, acting under color of state law.

## III. FACTUAL ALLEGATIONS

### A. Background and Property Rights

**11.** Plaintiff owns the property commonly known as 515 West 24th Street, Upland, Pennsylvania 19013 ("Property").

**12.** The property is the private home of the Plaintiff, used strictly for shelter.

**13.** At all relevant times, the Plaintiff has parked his personal vehicle within the confines of his own private property.

### B. Vague and Undefined Ordinance

**14.** The Borough has a parking ordinance that prohibits "unpaved parking in connection with a residential establishment" but fails to define the term "residential establishment," rendering it unconstitutionally vague.

**15.** Upon information and belief, no legal process was undertaken to categorize or designate the Plaintiff's private property as a "residential establishment" subject to the Borough's parking ordinance.

**16.** In response to Plaintiff's Pennsylvania Right to Know Act records request, the Borough could not produce any records, documentation, or evidence explaining how or when Plaintiff's private property was categorized as a "residential establishment" or became subject to the Borough's parking ordinance restrictions.

**17.** The Borough's inability to produce any records shows that the application of the ordinance to the Plaintiff's private property was arbitrary, capricious, and without legal foundation.

### C. Four-Year Pattern of Systematic Misconduct

### 1. Initial Filings and Arbitrary Pattern of Transfers

**18.** At all relevant times, all of Defendant Slifer's alleged Non-traffic Citation Summonses ("citations") occurred within the confines of the Plaintiff's private property in Upland, Pennsylvania.

**19.** The law of Pennsylvania requires the filing of valid code enforcement actions in the magisterial district court that has territorial jurisdiction over the location of the alleged violation.

**20.** Over a four-year period, Defendant Slifer filed at least nine (9) citations against the Plaintiff for parking his personal vehicle within the confines of his own private property.

**21.** Of these nine (9) citations, seven (7) were initially filed in District Court 32-2-39, presided over by Defendant Magistrate Stone, which is the territory where the alleged violations occurred.

**22.** Defendant Magistrate Stone transferred six (6) of those seven (7) citations from District Court 32-2-39 to Defendant Magistrate Goldberg, who presides over District Court 32-2-46.

**23.** , Defendant Slifer filed two (2) of those nine (9) citations directly into District Court 32-2-46, deliberately bypassing District Court 32-2-39, which covers the territory where the alleged violations occurred.

**24.** Despite all the alleged violations occurring within District Court 32-2-39's territory, eight (8) of Defendant Slifer's nine (9) citations ultimately were processed by Defendant Magistrate Goldberg through District Court 32-2-46.

### 2. Denial of Due Process Through Failure to Provide
### Required Documentation and Notice of Transfers

**25.** Defendants failed to provide the Plaintiff with any of the following required procedural safeguards:

**26.**  No Transfer Documentation: Defendants failed to file or provide the Plaintiff with any formal transfer order, motion for transfer, or other documentation explaining the legal basis for the six (6) transfers.

**27.**  No Legal Authority Cited: Defendants failed to specify or provide the Plaintiff with the authority under which the six (6) transfers were made.

**28.**  No Justification Provided: Defendants failed to provide the Plaintiff with any explanation of the reasons, grounds, or justification for transferring the six (6) cases.

**29.**  No Notice of Transfer: Defendants failed to provide the Plaintiff with any advance notice or subsequent notification that the six (6) cases had been transferred from District Court 32-2-39 to District Court 32-2-46.

**30.**  No Identification of Requesting Party: Defendants failed to inform the Plaintiff who requested or initiated the six (6) transfers.

**31.**  No Opportunity to Object: As a result of the above failures, the Plaintiff was denied any meaningful opportunity to object or to challenge the six (6) transfers.

### 3. Complete Absence of Jurisdiction by Both Magistrates

**32.** At all relevant times, Plaintiff was never charged with a crime within the territories of District Court 32-2-39 and 32-2-46.

**33.**  At all relevant times, Plaintiff has never appeared in District Court 32-2-39 or District Court 32-2-46.

**34.**  Defendant Magistrate Stone failed to provide facts or law to support a finding that District Court 32-2-39 acquired in personam jurisdiction over the Plaintiff.

**35.**  Defendant Magistrate Stone failed to provide facts or law to support a finding that District Court 32-2-39 acquired subject matter jurisdiction over the Plaintiff parking within the confines of his own private property.

**36.** Despite this absence of proper jurisdiction, Defendant Magistrate Stone accepted at least seven (7) cases, processed them, and then arbitrarily transferred at least six (6) of them—four (4) transferred the same day to Defendant Magistrate Goldberg and the even more jurisdictionally deficient venue of District Court 32-2-46.

**37.** Because the alleged offenses occurred in District Court 32-2-39's territory, not District Court 32-2-46's territory, Defendant Magistrate Goldberg has no legal grounds to support a finding that District Court 32-2-46 acquired territorial jurisdiction.

**38.** Because the alleged offenses occurred within the confines of the Plaintiff's private property in Upland, Pennsylvania, Defendant Magistrate Goldberg has no legal grounds to support a finding that District Court 32-2-46 acquired in personam jurisdiction over the Plaintiff.

**39.** Because the alleged offenses occurred within the confines of the Plaintiff's private property in Upland, Pennsylvania, Defendant Magistrate Goldberg has no legal grounds to support a finding that District Court 32-2-46 acquired subject matter jurisdiction over the Plaintiff's parking on his own private property.

**40.** Deliberately and knowingly acting with no form of valid jurisdiction—territorial, in personam, or subject matter—Defendant Magistrate Goldberg's acceptance of at least eight (8) cases, issuance of at least five (5) arrest warrants and at least two (2) bench warrants, constitutes a fundamental violation of due process and are actions outside of his judicial authority.

**41.** Defendant Magistrate Goldberg's complete absence of jurisdiction renders all proceedings, orders, and warrants issued by him void ab initio (void from the beginning).

**42.** Both magistrates acted in the clear absence of jurisdiction, outside of their judicial authority, which strips them of judicial immunity and exposes them to civil rights liability.

### 4. False Claims of Arrest Authority

**43.** Defendant Slifer indicated he instituted multiple Summary Offense cases against the Plaintiff by "On-View Arrest" and "Citation/Summons".

**44.** Defendant Slifer appears as the "Arresting Officer" on the court docket sheets.

**45.** In reality, the Plaintiff was never arrested by Defendant Slifer or any other person.

**46.** Code enforcement officers in Pennsylvania are not authorized to make "On-View Arrests" or act as "Arresting Officers" in the scope of their job duties.

**47.** Defendant Slifer's false claims of "On-View Arrest" authority and the falsification of court dockets showing that he was the "Arresting Officer" constitute additional violations of the Plaintiff's civil rights and potentially criminal conduct.

### 5. Issuance of Invalid Arrest Warrants

**48.** Based on arbitrarily transferred cases from Defendant Magistrate Stone and Defendant Slifer's deliberately misfiled citations directly into the improper venue of District Court 32-2-46, Defendant Magistrate Goldberg issued multiple arrest warrants and bench warrants for the Plaintiff.

**49.** These arrest warrants and bench warrants were jurisdictionally void as court 32-2-46, lacking any form of valid jurisdiction over the matter, the property, or the parties, issued them.

**50.** These arrest warrants and bench warrants were issued for the non-criminal matter of the Plaintiff exercising his constitutionally protected property right of parking his personal vehicle within the confines of his own private property.

### 6. Denial of Due Process Through Inadequate Notice

**51.** The Defendants manufactured at least fifteen (15) court docket numbers for Defendant Slifer's nine (9) citations.

**52.** The Plaintiff was not given notice for any of the six (6) case transfers between District Court 32-2-39 and 32-2-46.

**53.** The Plaintiff was not given notice for many summary offense cases commenced by Defendant Slifer in District Courts 32-2-39 and 32-2-46.

**54.** There are entries on the court dockets for summonses being sent out by first class mail that the Plaintiff never received.

**55.** There are entries on the court dockets for certified summonses being issued and "accepted" when the Plaintiff never signed a certified mail return receipt nor ever refused to sign a return receipt.

**56.** Defendant Magistrate Goldberg made a court docket entry of the Plaintiff being "Present" for sentencing, which is demonstrably false!

**57.** These erroneous entries throughout the fifteen (15) court dockets are too many to be accidental.

**58.** Falsified entries throughout the fifteen (15) dockets are made to look like the Plaintiff was provided due process, when no such due process was afforded to the Plaintiff.

**59.** To a casual observer, the fifteen (15) court dockets may appear to be legitimate, when in reality the Defendants' lack of notice and transparency equate to a four (4) year campaign of prosecutions in secrecy against the Plaintiff.

**60.** When the Plaintiff sent the Borough a formal Pennsylvania Right To Know Act record request for copies of all code enforcement actions involving the Plaintiff or his property, the Borough falsely argued that they were exempt from request because they were part of a "criminal or non-criminal" investigation.

**61.** Code enforcement citations for parking violations are public records and are not exempt from Right to Know Act disclosure.

**62.** The Borough's false exemption claim obstructs the Plaintiff's access to public records and conceals the Defendants' pattern of misconduct.

**63.** When the Plaintiff appealed the Borough's response to the Pennsylvania Office of Open Records ("OOR"), Appeals Officer Lyle Hartranft, Esq. stated: *"Mr. Ciach's attestation does not address how the records responsive to Item relate to a noncriminal or criminal investigation. As*

such, the Borough failed to meet its burden of proving that records responsive to Item are exempt from disclosure.... the Borough is required to provide records responsive to Item".

**64.** The Borough did not provide the Plaintiff with the requested code enforcement actions involving the Plaintiff or his private property.

**65.** Failure to provide proper notice and failure to provide records of Defendant Slifer's citations violated the Plaintiff's fundamental due process right to notice and opportunity to challenge, to be heard, and to defend.

### 7. Obstruction of Government Transparency

**66.** In the same Right to Know request, Plaintiff requested Defendant Slifer's employment records, including all contracts, agreements, employment agreements, compensation, income, salary, bonuses, incentives, job description, and duties as a Code Enforcement Officer.

**67.** Borough Manager Michael Ciach attested: *"Specifically, I have searched all personnel and payroll records of the Borough and have determined that the specific records requested are not in my possession, custody, or control. The Borough is not obligated to "create" a record to satisfy a requester where one does not exist."*

**68.** When the Plaintiff appealed this Borough response to the Pennsylvania Office of Open Records ("OOR"), Appeals Officer Lyle Hartranft, Esq. stated: *"Although the Borough presented evidence that these types of records do not exist, it defies logic that such information does not exist and that the Borough would not maintain this type of information from a Borough employee. Surely, a Borough Code Enforcement Officer would have some sort of contractual arrangement that includes compensation/a salary and a job description. As such, without further explanation, the OOR finds it incredulous that these types of records do not exist and will order disclosure of Items 8-10 of the Request."*

**69.** Employment records for municipal employees are public records required to be maintained by law, and the Borough's averment that they "do not exist" is demonstrably false.

**70.** The Borough failed to produce basic employment records for Defendant Slifer, which it is required by law to maintain, yet it did not cease code enforcement actions against the Plaintiff by Slifer, nor did it remove existing district court filings against the Plaintiff made by Slifer.

**71.** These false responses to the Right to Know Act record request make up additional violations of Pennsylvania law and federal due process rights.

### 8. Extra-jurisdictional Harassment and Intimidation

**72.** Acting on the jurisdictionally void arrest warrants, Defendant Omlor traveled outside of District Court 32-2-46's territorial jurisdiction to trespass upon Plaintiff's private property in Upland, Pennsylvania.

**73.** Defendant Omlor searched the outside of Plaintiff's private property for the Plaintiff.

**74.** Defendant Omlor banged on the Plaintiff's door, looked in Plaintiff's windows, looked over the Plaintiff's privacy fence, and verbally called out for the Plaintiff.

**75.** In person, Defendant Omlor threatened to arrest Plaintiff based on the invalid warrants that were the product of jurisdictionally void proceedings and false arrest documentation.

**76.** In person, Defendant Omlor threatened to tow Plaintiff's vehicle from Plaintiff's own private property.

**77.** In person, Defendant Omlor coerced Plaintiff to send money to District Court 32-2-46.

**78.** In addition, Defendant Omlor obtained the Plaintiff's private cellular telephone number and repeatedly called the Plaintiff, leaving threatening voicemail messages.

**79.** In these threatening communications, Defendant Omlor repeated his threats to:
    **a.** Arrest Plaintiff;
    **b.** Send other persons to arrest the Plaintiff;
    **c.** Tow Plaintiff's vehicle from his private property;
    **d.** Threatened that some action he was about to take against the Plaintiff was *"Now Down To The 12th Hour"*.

**80.** Despite the warrants being jurisdictionally void and Defendant Omlor lacking lawful authority to act on such invalid process, these threats were still made.

### D. Pattern of Government Retaliation

### 1. Criminal Complaint Against Slifer and Immediate Retaliation

**81.** On July 27, 2021, Plaintiff filed formal Private Criminal Complaints against Defendant Slifer with the County of Delaware District Attorney's Office.

**82.** After Plaintiff filed criminal complaints against Defendant Slifer, Slifer manufactured at least eight (8) additional summary offense cases against the Plaintiff, claiming he "instituted" the cases by "On View Arrests", while listing himself on court dockets as the "Arresting Officer."

**83.** Six (6) of Defendant Slifer's additional eight (8) summary offense cases were filed in District Court 32-2-39, and two (2) were filed directly in the improper venue of District Court 32-2-46.

**84.** This dramatic increase in enforcement actions immediately following the Plaintiff's criminal complaints demonstrates retaliatory conduct designed to punish the Plaintiff for exercising his constitutional right to report government misconduct.

### 2. Judicial Complaint Against Magistrate Stone and Transfer Retaliation

**85.** On November 19, 2021, Plaintiff filed a formal "REQUEST FOR INVESTIGATION" of Defendant Magistrate Stone with the Commonwealth of Pennsylvania Judicial Conduct Board.

**86.** Five (5) days after Plaintiff's judicial complaint against Defendant Magistrate Stone, she began selectively transferring six (6) cases filed by Defendant Slifer against the Plaintiff in District Court 32-2-39 to Defendant Magistrate Goldberg in the improper venue of District Court 32-2-46.

**87.** Four (4) of those six (6) case transfers were executed on the same day, with no legal basis given for any of the transfers, nor notice provided to the Plaintiff of the transfers.

**88.** Defendant Magistrate Stone's immediate action to transfer cases to an improper venue within days of the Plaintiff's judicial complaint demonstrates clear retaliatory conduct.

### 3. Judicial Complaint Against Magistrate Goldberg and Escalated Retaliation

**89.** On December 21, 2021, Plaintiff filed a formal "REQUEST FOR INVESTIGATION" of Defendant Magistrate Goldberg with the Commonwealth of Pennsylvania Judicial Conduct Board.

**90.** After the Plaintiff filed a judicial complaint against Defendant Magistrate Goldberg, he accepted transfer of at least six (6) cases against the Plaintiff from Defendant Magistrate Stone, with no legal basis to do so.

**91.** Following the Plaintiff's complaint, Defendant Magistrate Goldberg issued at least two (2) bench warrants and at least five (5) arrest warrants for the Plaintiff.

**92.** Defendant Magistrate Goldberg demanded Plaintiff send money to District Court 32-2-46 totaling at least $2,733.15.

**93.** Defendant Magistrate Goldberg threatened the Plaintiff with arrest if he did not pay the money demanded.

**94.** Defendant Magistrate Goldberg threatened to seize Plaintiff's personal vehicle if he did not pay the money demanded.

**95.** Defendant Magistrate Goldberg threatened to take the Plaintiff's driver's license if he did not pay the money demanded.

**96.** This pattern of escalating retaliation—from improper transfers to arrest warrants to demands for money—demonstrates coordinated government retaliation for the Plaintiff's exercise of his constitutional right to petition for redress of grievances.

### E. Pattern of Inconsistent and Arbitrary Enforcement

**97.** Multiple Citations for Identical Conduct: Defendant Slifer, acting under color of state law, issued at least nine (9) separate citations against the Plaintiff for the same exact alleged parking ordinance violation.

**98.** Lack of Legal Basis: Said citations were issued without lawful authority, as Plaintiff was parking within the confines of his own private property where he had an absolute right to park.

**99.** Improper Venue for Expungement: District Court 32-2-46, which lacks territorial jurisdiction over the location where the alleged violations occurred, inexplicably took jurisdiction over one of the most recent citations when Defendant Slifer filed directly into that court, deliberately bypassing District Court 32-2-39.

**100.** Arbitrary Expungement: Defendant Magistrate Goldberg of District Court 32-2-46, acting sua sponte and without explanation, expunged one citation for the exact same alleged parking violation that Defendants continue to prosecute the Plaintiff for in every summary offense case they commenced against him.

**101.** Inconsistent Treatment: Despite the identical nature of all citations (same alleged conduct, same location, same legal issues), Defendants continue to prosecute the remaining citations while having expunged one for the same alleged violation.

## IV. CAUSES OF ACTION

### COUNT I: VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983 (PROCEDURAL DUE PROCESS - FOURTEENTH AMENDMENT) - Against All Defendants

**102.** Plaintiff incorporates all preceding allegations by reference.

**103.** The Fourteenth Amendment guarantees that no state shall deprive any person of life, liberty, or property without due process of law.

**104.** Defendants, acting under color of state law, deprived Plaintiff of his constitutional right to due process by: a. Improperly transferring cases from proper to improper jurisdiction (Magistrate Stone); b. Deliberately filing enforcement actions in courts lacking proper jurisdiction (Slifer); c. Falsely claiming arrest authority and documenting fictitious arrests (Slifer); d. Failing to provide adequate notice of legal proceedings (All Defendants); e. Issuing bench and arrest warrants without proper territorial authority (Magistrate Goldberg); f. Searching private property, threatening arrest and property seizure based on invalid legal proceedings and false documentation (Omlor); g. Making false claims to obstruct public records access (Borough).

15

**105.** These coordinated actions constitute arbitrary government conduct that shocks the conscience and violates fundamental fairness.

### COUNT II: VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983 (SUBSTANTIVE DUE PROCESS - FOURTEENTH AMENDMENT) - Against All Defendants

**106.** Plaintiff incorporates all preceding allegations by reference.

**107.** Plaintiff has a fundamental constitutional right to the use and enjoyment of his private property.

**108.** Defendants violated Plaintiff's substantive due process rights by interfering with his fundamental property rights through a four year long pattern of terror, harassment, intimidation, extortion, and abuse of legal process over the Plaintiff's lawful use of his own private property.

### COUNT III: VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983 (UNLAWFUL SEARCH AND SEIZURE - FOURTH AMENDMENT) - Against All Defendants

**109.** Plaintiff incorporates all preceding allegations by reference.

**110.** The Fourth Amendment protects against unreasonable searches and seizures.

**111.** Defendants violated Plaintiff's Fourth Amendment rights by: a. Trespassing upon Plaintiff's private property multiple times to search for the Plaintiff without a valid signed warrant; b. Trespassing upon Plaintiff's private property multiple times to search for the Plaintiff without probable cause; c. Threatening to seize Plaintiff's vehicle from his private property without lawful authority; d. Threatening arrest based on invalid warrants; e. Demanding Plaintiff send money in exchange for his liberty; f. Subjecting Plaintiff to the equivalent of investigatory detention through harassment and intimidation.

### COUNT IV: VIOLATION OF CIVIL RIGHTS - 42 U.S.C. § 1983 (EQUAL PROTECTION - FOURTEENTH AMENDMENT) - Against All Defendants

**112.** Plaintiff incorporates all preceding allegations by reference.

**113.** Defendants selectively enforced at least (6) alleged summary offense cases against the Plaintiff by deliberately transferring them to the improper venue of District Court 32-2-46, with no legal basis for the transfers nor probable cause for District Court 32-2-46 to act.

**114.** Defendants selectively enforced at least two (2) alleged parking ordinance cases against Plaintiff by deliberately filing them in the improper venue of District Court 32-2-46, with no legal basis for the filing nor probable cause for District Court 32-2-46 to act.

**115.** This selective enforcement process stated herein, for alleged minor parking violations, singled out the Plaintiff by treating him differently than others similarly situated, violating the Plaintiff's right to equal protection under the law.

### COUNT V: CONSPIRACY TO VIOLATE CIVIL RIGHTS
### - 42 U.S.C. § 1985(3) - Against All Defendants

**116.** Plaintiff incorporates all preceding allegations by reference.

**117.** Defendants conspired and agreed among themselves to deprive Plaintiff of his constitutional rights through the coordinated pattern of: a. Improper case transfers from proper to improper jurisdiction (Stone); b. Direct improper venue filing (Slifer); c. Issuance of invalid bench and arrest warrants based on jurisdictionally void proceedings (Goldberg); d. Extra-jurisdictional harassment and intimidation based on invalid warrants (Omlor).

**118.** This multi-defendant conspiracy involved both magistrates, the code enforcement officer, and the constable working in concert to systematically deprive the Plaintiff of due process and equal protection under the law.

**119.** This conspiracy was motivated by animus and intended to deprive the Plaintiff of equal protection of the laws through coordinated abuse of the legal process.

### COUNT VI: MUNICIPAL LIABILITY UNDER MONELL - Against Borough of Upland

**120.** Plaintiff incorporates all preceding allegations by reference.

**121.** The Borough of Upland maintained policies, practices, and customs that caused the constitutional violations alleged herein, including: a. Failing to properly train code enforcement

officers on property rights, venue requirements and arrest authority limitations; b. Failing to supervise code enforcement activities; c. Maintaining unconstitutionally vague ordinances; d. Allowing employees to exceed their legal authority; e. Maintaining policies that obstruct government transparency; f. Maintaining a policy of aggressive code enforcement that encourages constitutional violations.

**122.** These Borough municipal policies were the moving force behind the constitutional violations suffered by the Plaintiff.

## COUNT VII: VOID FOR VAGUENESS - 42 U.S.C. § 1983 (FOURTEENTH AMENDMENT) - Against Borough of Upland and Richard Slifer

**123.** Plaintiff incorporates all preceding allegations by reference.

**124.** The Due Process Clause requires that laws provide fair notice of what conduct is prohibited and contain standards sufficient to prevent arbitrary enforcement.

**125.** The Borough's parking ordinance prohibiting "unpaved parking in connection with a residential establishment" is unconstitutionally vague because: a. It fails to define "residential establishment"; b. It provides no guidance on how properties become subject to the restriction; c. It fails to provide the legal basis on how private properties become subject to the Borough parking ordinance; d. It fails to give fair notice of what conduct is prohibited; e. It lacks adequate standards to prevent arbitrary enforcement.

**126.** Defendants enforced this vague ordinance in an arbitrary and discriminatory manner against the Plaintiff.

## COUNT VIII: ACTING WITHOUT JURISDICTION - 42 U.S.C. § 1983 (DUE PROCESS VIOLATION) - Against Georgia L. Stone and Andrew Goldberg

**127.** Plaintiff incorporates all preceding allegations by reference.

**128.** Due process requires that courts possess valid jurisdiction before exercising judicial power over individuals.

18

**129.** Defendant Magistrate Stone acted without proper in personam jurisdiction over the Plaintiff and subject matter jurisdiction when accepting and processing cases involving Plaintiff's private property use.

**130.** Defendant Magistrate Goldberg acted in complete absence of all forms of jurisdiction— territorial, in personam, and subject matter—when accepting transferred cases, accepting directly filed cases, processing cases, issuing bench and arrest warrants.

**131.** Both magistrates knowingly acting against the Plaintiff in clear absence of jurisdiction is not a judicial function.

**132.** Acting without jurisdiction renders all proceedings void ab initio and violates fundamental due process rights.

**133.** Both magistrates' actions without proper jurisdiction constitute clear violations of established constitutional law and exceed any possible claims to judicial immunity.

## COUNT IX: RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS
### - 42 U.S.C. § 1983 - Against All Defendants

**134.** Plaintiff incorporates all preceding allegations by reference.

**135.** The First Amendment protects the right to petition government for redress of grievances, including filing complaints against government officials.

**136.** Defendants retaliated against the Plaintiff for exercising his First Amendment rights by:

> a. Dramatically increasing enforcement actions after the Plaintiff filed criminal complaints against Defendant Slifer;

> b. Transferring cases to an improper venue within days of the Plaintiff's judicial complaint against Defendant Magistrate Stone;

> c. Escalating to bench and arrest warrants, and increased demands for money after the Plaintiff's judicial complaint against Defendant Magistrate Goldberg.

**137.** This pattern of retaliation would have a chilling effect and deter a person of ordinary firmness from exercising their constitutional rights.

**138.** Retaliation with personal animus, is not an official state policy nor a judicial function.

**139.** Defendants' retaliatory conduct violated Plaintiff's First Amendment rights and constitutes an independent basis for civil rights liability.

## COUNT X: VIOLATION OF EQUAL PROTECTION
## AND DUE PROCESS (42 U.S.C. § 1983) - Against All Defendants

**140.** Plaintiff incorporates by reference all preceding allegations.

**141.** Defendants violated Plaintiff's rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment by:

**142.** Engaging in selective enforcement by treating identical citations differently without rational basis.

**143.** Creating arbitrary classifications between substantially similar cases.

**144.** Acting without rational relationship to any legitimate governmental interest.

**145.** Demonstrating judicial inconsistency by expunging one summary offense case while prosecuting others for identical alleged conduct.

**146.** Such conduct was objectively unreasonable and violated clearly established constitutional rights.

**147.** Defendants acted under color of state law in their individual capacities.

**148.** As a result, Plaintiff suffered damages.

# V. DAMAGES

**149.** As a direct and proximate result of Defendants' four-year pattern of constitutional violations, systematic misconduct, and retaliatory conduct, Plaintiff has suffered significant damages including but not limited to:

## A. Economic Damages

**150.** Federal court filing fee for this civil rights lawsuit: $405.

**151.** Service of process (5) Defendants: $1,000.

**152.** Mailing costs $500.

**153.** Case tracking and administrative burden: $500.

**154.** Additional legal research costs: $750.

**155.** Property maintenance and security costs necessitated by ongoing harassment: $1,000.

**156.** Diminished use and enjoyment of private property due to continuous enforcement threats and retaliation over four years: $85,000.

## B. Non-Economic Damages

**157.** Severe and prolonged emotional distress, anxiety, and mental anguish from four years of threats of arrest, vehicle seizure, and government retaliation: $350,000.

**158.** Chronic loss of sleep, stress, and persistent fear of unlawful arrest and escalating retaliation: $200,000.

**159.** Sustained invasion of privacy and harassment through repeated threatening communications and retaliatory enforcement: $150,000.

**160.** Long-term humiliation and damage to reputation from being subjected to multiple invalid arrest warrants and retaliatory prosecution: $225,000.

**161.** Loss of peaceful enjoyment of home and property due to systematic government harassment, retaliation, and obstruction: $150,000.

**162.** Chilling effect on First Amendment rights due to government retaliation for filing complaints: $100,000.

**163.** Denial of Equal Treatment Under Law: $75,000.

**164.** Violation of right to government transparency and accountability through false Right to Know Act responses: $50,000.

**165.** Total Compensatory Damages: $1,389,155.

### C. Punitive Damages (Individual Defendants Only)

**166.** Defendants' conduct was willful, wanton, malicious, and demonstrated persistent and systematic reckless disregard for Plaintiff's constitutional rights over a four-year period, including deliberate retaliation for the Plaintiff's exercise of First Amendment rights.

**167.** This extended pattern of deliberate misconduct and retaliation, including acting without any valid jurisdiction, sustained over four years and escalating from jurisdictionally void proceedings to extra-jurisdictional harassment to direct retaliation, demonstrates the need for substantial punitive damages to deter similar future conduct and adequately punish this egregious abuse of power.

**168.** Against Defendant RICHARD SLIFER individually, for his four-year deliberate indifference to property rights, barratrous filing of summary offense lawsuits, pattern of improper venue filing, enforcement of vague ordinances without legal basis, false documentation of arrests, and retaliatory enforcement: $1,650,000.

**169.** Against Defendant GEORGIA L. STONE individually, for deliberately accepting cases without jurisdiction, transferring jurisdictionally void cases to improper venues, and retaliating against Plaintiff for filing judicial complaints: $1,600,000.

**170.** Against Defendant ANDREW GOLDBERG individually, for repeatedly acting without any form of valid jurisdiction, issuing invalid arrest warrants, demanding money for Plaintiff's liberty, and escalating retaliation over four years: $1,800,000.

**171.** Against Defendant WALTER OMLOR individually, for sustained extra-jurisdictional harassment, intimidation, invasion of privacy, and threatening conduct based on void proceedings over four years: $1,300,000.

**172.** Total Punitive Damages Against Individual Defendants: $6,350,000.

**173.** TOTAL DAMAGES SOUGHT: $7,739,155.

## VI. RELIEF

WHEREFORE, Plaintiff respectfully moves this Court to:

A. Assume jurisdiction over this matter;

B. Award compensatory damages in the amount of $1,389,155.

C. Award punitive damages against individual defendants in the amount of $6,350,000;

F. Grant such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

**Plaintiff hereby demands a trial by jury on all issues so triable.**

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF DELAWARE

I, Carmen Santucci, being first duly sworn upon oath, state that I am the Plaintiff in the above-entitled action; that I have read the foregoing Complaint and know the contents thereof; that the same is true of my personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

Further, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Carmen Santucci*
Plaintiff

Subscribed and sworn to before me this 4 day of September, 2025.

*Bonnie Marie O'Donnell*
Notary Public

My commission expires: February 8, 2029

[Notary Seal]

> Commonwealth of Pennsylvania - Notary Seal
> Bonnie Marie O'Donnell, Notary Public
> Delaware County
> My commission expires February 8, 2029
> Commission number 1391102
> Member, Pennsylvania Association of Notaries

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Carmen Santucci

### DEFENDANTS

Borough of Upland, Richard Slifer, Georgia L. Stone, Andrew Goldberg, Walter Omlor,

**(b)** County of Residence of First Listed Plaintiff    County of Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    County of Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

515 West 24th Street
Upland, Pennsylvania 19013

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Rights - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 42 U.S.C. § 1983

Brief description of cause:
Deprivation of rights under the color of law through the improper use of a municipal ordinance and the PA Summary Offense process.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**    7,739,155.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 9/5/2025 | Carmen Santucci - Pro Se |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Pro Se Electronic Filing**

**Name:**

**Carmen Santucci**

**Email Address:**

**carmensantuccisr@gmail.com**

**Phone Number**

**610-203-0248**

**Are you filing a new case?**

Yes, I'm filing a new case.

**Case Caption**

**Carmen Santucci vs Borough of Upland et al**

**Case Number**

**NEW CASE**

**Description of Document(s)**

**Complaint - Check for $405 was sent over night and is either there now or will be arriving there today.**

**Terms of Submission**

**Yes**

**Do you have a mailing address?**

**Yes**

**Mailing Address Line 1**

**515 West 24th Street**

**City:**

**Upland**

**State:**

**Pennsylvania**

**Zip Code:**

**19013**

Show empty values