**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carmen Santucci | : | |
| *Plaintiff* | : | Civil Action |
| v. | : | No. 2:25-cv-05172-GJP |
| Borough of Upland, *et al.* | : | Hon. Gerald J. Pappert |
| *Defendants* | : | |

**Defendants Magisterial District Judge Georgia Stone's and Magisterial District Judge Andrew Goldberg's Motion to Dismiss**

Defendants Magisterial District Judge Georgia Stone ("MDJ Stone") and Magisterial District Judge Andrew Goldberg ("MDJ Goldberg") (together, "Judicial Defendants") move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the following grounds:

1. Plaintiff brings this civil action seeking compensatory and punitive damages in excess of $75,000. (Complaint ¶¶ 165, 172-73.)

2. Plaintiff alleges that Judicial Defendants, along with all other named Defendants, violated Plaintiff's rights under the First, Fourth, and Fourteenth Amendments, on top of conspiring to deprive him of his civil rights in violation of 42 U.S.C. § 1985 (3). (Complaint ¶¶ 104, 107, 111, 113-14, 117-18, 129-30, 136.)

3. Plaintiff brings these claims against Judicial Defendants in their individual capacities. (Complaint, Caption).

4. To the extent that they can be extricated from claims against all

Defendants, Plaintiff's claims against MDJ Stone arise from her judicial actions, including transferring cases (Complaint ¶ 22), accepting cases (Complaint ¶ 169), and "demonstrating judicial inconsistency" (Complaint ¶ 145).

5. To the extent that they can be extricated from claims against all Defendants, Plaintiff's claims against MDJ Goldberg arise from his judicial actions, including receiving transferred cases (Complaint ¶ 24), issuing bench and arrest warrants (Complaint ¶¶ 104, 170), and "demonstrating judicial inconsistency" (Complaint ¶ 145).

6. Plaintiff also asserts that Judicial Defendants operated without jurisdiction. (Complaint ¶¶ 42, 129, 130)

7. Though Plaintiff does not cite the docket or otherwise identify any of the nine citations or fifteen docket numbers he describes, based on a public record search,[1] most, if not all, actions complained of by Plaintiff appear to have taken place over two years ago.[2]

8. MDJ Stone is a magisterial district judge presiding over magisterial

---

[1] Plaintiff states that fifteen dockets were created but a search returned only fourteen. *See* MJ-32239-NT-0000330-2021, MJ-32246-NT-0000239-2021, MJ-32239-NT-0000741-2021, MJ-32246-NT-0000262-2022, MJ-32239-NT-0000393-2022, MJ-32246-NT-0000261-2022, MJ-32239-NT-0000860-2022, MJ-32246-NT-0000053-2023, MJ-32239-NT-0000062-2023, MJ-32246-NT-0000052-2023, MJ-32239-NT-0000156-2023, MJ-32246-NT-0000111-2023, MJ-32239-NT-0000416-2023, and MJ-32246-NT-0000098-2025.

[2] A court may take judicial notice of state court dockets. *Sturgeon v. Pharmerica Corp.*, 438 F.Supp.3d 246, 257 (E.D. Pa. 2020); *see also In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005)).

district 32-2-39 in Delaware County.[3]

9. MDJ Goldberg is a magisterial district judge presiding over magisterial district 32-2-46 in Delaware County.

10. Judicial Defendants preside over magisterial districts of the 32nd Judicial District.

11. Pursuant to a "President Judge Administrative Order" issued May 2, 2013, magistrates of magisterial districts 32-2-39 and 32-2-46 have authority to act in either district "whenever required for the efficient administration of justice." Exhibit A.

12. Then-President Judge Chad Kenney of the Court of Common Pleas of Delaware County properly created this concurrent jurisdiction pursuant to Rules 17 and 112 of the Rules Governing Standards of Conduct of Magisterial District Judges, and Rules 130, 131, 132, and 133 of the Rules of Criminal Procedure. *See* 201 Pa. Code Rule 605 (Rule 17 was rescinded on March 26, 2015, and its substance was enriched in 201 Pa. Code Rule 605), 246 Pa. Code Rule 112, and 234 Pa. Code Rule 130-33.

13. Further, because all the actions or inactions complained of by Plaintiff involve judicial acts, Judicial Defendants are entitled to absolute judicial immunity.

14. To the extent that Plaintiff's civil rights claims arise from actions that took place over two years ago, Plaintiff's claims are barred by the statute of

[3] To the extent they are not specified in the pleadings, this Court should take judicial notice of these public servants' titles. *See Hohensee v. Watson*, 188 F. Supp. 941, 943, n.4 (M.D. Pa. 1959), *aff'd*, 283 F.2d 950 (3d Cir. 1960) (taking judicial notice that the defendants were U.S. attorneys and a federal judge).

limitations.

15. Given these defenses, it would be futile to allow Plaintiff to amend his Complaint.

**WHEREFORE**, Judicial Defendants respectfully request that this Honorable Court dismiss them from this case with prejudice.

Respectfully submitted,

**s/ Matthew Rossi**
**Matthew Rossi**
Attorney I.D. PA 330955
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
Phone: (215) 560-6326
Fax: (215) 560-5486

***Attorney for Judicial Defendants***

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carmen Santucci | : | |
| | : | |
| *Plaintiff* | : | Civil Action |
| | : | |
| v. | : | No. 2:25-cv-05172-GJP |
| | : | |
| Borough of Upland, *et al.* | : | |
| | : | Hon. Gerald J. Pappert |
| *Defendants* | : | |
| | : | |

**Brief in Support of Defendants Magisterial District Judge Georgia Stone's and Magisterial District Judge Andrew Goldberg's Motion to Dismiss**

## I. Statement of the Case

Plaintiff Carmen Santucci brings this case against, among other defendants, defendant Magisterial District Judges Georgia Stone ("MDJ Stone") and Andrew Goldberg ("MDJ Goldberg") (together, "Judicial Defendants") in their individual capacities seeking actual and punitive damage. Plaintiff alleges that Judicial Defendants have violated his First, Fourth, and Fourteenth rights, in addition to participating in a conspiracy to obstruct justice with other named Defendants in violation of 42 U.S.C. § 1985(3).

It is not clear what actions make up the violations alleged by Plaintiff, or who committed those actions or when they were committed. To the extent that they can be extricated from allegations from all Defendants, all of the conduct complained of by Plaintiff describes Judicial Defendants' judicial actions for which they are entitled to absolute judicial immunity. Further, though Plaintiff's Complaint is

vague as to when the complained-of events took place, it appears that most, if not all, of the complained of actions occurred over two years ago and are therefore time-barred. As such, claims against Judicial Defendants should be dismissed with prejudice.

## II.     Statement of Questions

1.     Does judicial immunity preclude claims against Judicial Defendants in their individual capacities because they acted in their judicial capacity within the jurisdiction of the 32nd Judicial District?

     Answer: Yes

2.     Should claims against Judicial Defendants be dismissed because they are time-barred?

     Answer: Yes

3.     Should the Complaint be dismissed with prejudice where it would be futile to allow Plaintiff to amend?

     Answer: Yes

## III.    Argument

Judicial Defendants move to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court evaluates a claim's merits by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiff, and determining whether they state a claim as a matter of law. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). Nevertheless, in

evaluating a plaintiff's pleadings, the court need not credit a complaint's "bald assertions" or legal conclusions. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A court may consider exhibits attached to a complaint, matters of public record, and documents forming the basis of claims. *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (abrogated on other grounds)).

Pursuant to this standard and for the reasons set forth below, Plaintiff's Complaint must be dismissed.

**A. Plaintiff's claims against Judicial Defendants are barred by judicial immunity.**

Plaintiff has named Judicial Defendants in their individual capacities. The claims against Judicial Defendants relate to their judicial actions only: transferring cases, accepting cases, "demonstrating judicial inconsistency," issuing bench and arrest warrants, and operating allegedly without jurisdiction. (Complaint ¶ 145.) Because these claims relate to Judicial Defendants' judicial acts, Judicial Defendants are entitled to judicial immunity. Judicial immunity shields judicial officers from both suit and damages for their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

In determining whether immunity is appropriate, it does not matter if a judge committed "grave procedural errors," he acted in an informal or ex parte manner, or his actions were unfair or controversial. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). A judge is entitled to immunity even if he convicts

a defendant of a nonexistent crime. *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978). Moreover, a judge's motives are irrelevant: immunity applies even if a judge allegedly acted with malice or bias, as Plaintiff claims. *Id.*; *Kaplan v. Miller*, 653 F. App'x. 87, 89-90 (3d Cir. 2016). Judicial acts within the jurisdiction of the state court are immune even when the result of a corrupt conspiracy. *Dennis v. Sparks*, 449 U.S. 24, 26-27 (1980).

Only two requirements for judicial immunity exist: jurisdiction over the dispute and a judicial act. *Mireles*, 502 U.S. at 11-12. Jurisdiction must be construed broadly. *Figueroa v. Blackburn*, 208 F.3d 435, 441-43 (3d Cir. 2000). Only a "clear absence of all jurisdiction" can dissolve immunity. *Stump*, 435 U.S. at 356. The jurisdictional inquiry is not limited to jurisdiction over a single case but extends to a court's jurisdictional parameters. *See generally id.* at 357-59.

Here, Plaintiff alleges that Judicial Defendants were, at all times, acting without jurisdiction. As a matter of law, however, jurisdiction belongs to a court and not to a particular judge.[4] In *Figueroa*, a municipal court judge held a defendant in contempt during a hearing regarding harassment charges which, by directive, she should have transferred to an assignment judge, because the complaint was on behalf of another judge. *Figueroa*, 208 F.3d at 437-38. The defendant sued the municipal court judge, arguing that the judge was not entitled to judicial immunity

[4] In any event, by administrative order, then-President Judge Kenney created jurisdictional overlap, granting concurrent jurisdiction to magisterial districts 32-2-39 and 32-2-46. Exhibit A.

because the directive stripped her of jurisdiction. *Id.* at 444. The Third Circuit held that, because she had jurisdiction over harassment charges generally as a municipal court judge, she had jurisdiction, for immunity purposes, over that case specifically, even if all she could do was transfer the case to the assignment judge. *Id.*

Here, Plaintiff contends that MDJs Stone and Goldberg did not have jurisdiction over his specific cases. (Complaint ¶ 42, 129, 130.) However, as MDJs, they have jurisdiction over summary offenses. 42 Pa.C.S. § 1515; *Martin v. Bicking*, 30 F. Supp. 2d 511, 512-13 (E.D. Pa. 1998). Even if all MDJs Stone and Goldberg could do was to transfer the case to its proper statutory jurisdiction, they would still be entitled to judicial immunity. *Figueroa*, 208 F.3d at 444.

Because MDJs Stone and Goldberg are entitled to judicial immunity, the claims against them should be dismissed.

**B. The Complaint must be dismissed because Plaintiff's claims are time-barred.**

Plaintiff's lawsuit was filed outside of the limitations period and, as such, must be dismissed with prejudice. Section 1983 and Section 1985(3) claims are governed by the state statute of limitations for personal injury actions, which is two years. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 79-80 (3d Cir. 1989). Plaintiff's Complaint references at least nine citations (ECF No. ¶ 20) and fifteen docket numbers (ECF No. ¶ 51); however, Plaintiff does not list any docket numbers or even state when any of the alleged actions occurred. A review of cases filed against

Plaintiff returns fourteen docket numbers.[5] Of these fourteen dockets,[6] most, if not all, activity that could possibly form the basis of Plaintiff's claims took place over two years ago. Therefore, to the extent that any claims stem from cases or events two years prior to the initiation of Plaintiff's Complaint, those claims are time-barred.

### C. The Complaint must be dismissed without leave to amend because amendment would be futile.

Leave to amend is typically granted liberally, but a court may deny leave to amend when the amendment would be futile. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019). Amendment would be futile in this case. *See Peeples v. Citta*, 501 F. App'x 109, 111 (3d Cir. 2012) (affirming district court's declination of leave to amend because the panel did not see how the plaintiff could have amended his complaint to overcome judicial immunity). Because Plaintiff's claims are barred by relevant immunities, filing an amendment would be futile.

---

[5] This Court may take judicial notice of state court orders, opinions, and dockets. *M & M Stone Co. v. Commonwealth*, 388 F. App'x. 156, 162 (3d Cir. 2010). It may also consider public documents and records attached to a motion to dismiss. *See Pension Benefit Guaranty Corp. v. White Consolidated Indust., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1992), *cert. denied*, 510 U.S. 1042 (1994).

[6] MJ-32239-NT-0000330-2021, MJ-32246-NT-0000239-2021, MJ-32239-NT-0000741-2021, MJ-32246-NT-0000262-2022, MJ-32239-NT-0000393-2022, MJ-32246-NT-0000261-2022, MJ-32239-NT-0000860-2022, MJ-32246-NT-0000053-2023, MJ-32239-NT-0000062-2023, MJ-32246-NT-0000052-2023, MJ-32239-NT-0000156-2023, MJ-32246-NT-0000111-2023, MJ-32239-NT-0000416-2023, and MJ-32246-NT-0000098-2025.

## IV. Conclusion

MDJs Stone and Goldberg respectfully request that this Honorable Court grant their motion and dismiss the claims against them without leave to amend.

Respectfully submitted,

**s/ Matthew Rossi**
**Matthew Rossi**
Attorney I.D. PA 330955
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
Phone: (215) 560-6326
Fax: (215) 560-5486

***Attorney for Judicial Defendants***

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Carmen Santucci<br>*Plaintiff*<br>v.<br>Borough of Upland, *et al.*<br>*Defendants* | Civil Action<br>No. 2:25-cv-05172-GJP<br>Hon. Gerald J. Pappert |

**Certificate of Service**

The undersigned certifies that on October 2, 2025, he personally caused the foregoing *Motion to Dismiss, Brief in Support,* and *Proposed Order* to be served via CM/ECF to all counsel of record and via first-class prepaid mail to:

Carmen Santucci
515 West 24th Street
Upland, PA 19013

**s/ Matthew Rossi**
**Matthew Rossi**
Attorney I.D. PA 330955
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
legaldepartment@pacourts.us
Phone: (215) 560-6326
Fax: (215) 560-5486

***Attorney for Judicial Defendants***