| | |
|---|---|
| **MARGOLIS EDELSTEIN**<br>Michael R. Miller, Esq.<br>Attorney No. 306904<br>E: mmiller@margolisedelstein.com<br>Curtis Center \| Suite 400E<br>170 S. Independence Mall W.<br>Philadelphia, PA 19106<br>P: (215) 922-1100<br>F: (215) 922-1772 | *Attorneys for Defendant,*<br>*Walter Omlor* |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN SANTUCCI<br><br>                             *Plaintiff*,<br><br>vs.<br><br>BOROUGH OF UPLAND, a municipal corporation; RICHARD SLIFER, in his individual capacity; GEOGIA L. STONE, in her individual capacity; ANDREW GOLDBERG, in his individual capacity; WALTER OMLOR, in his individual capacity,<br><br>                            *Defendants*. | **Civil Action**<br><br>**Case No.: 2:25-cv-05172-GJP**<br><br>**REPLY BRIEF** |

### DEFENDANT WALTER OMLOR'S REPLY BRIEF
### TO PLAINTIFF CARMEN SANTUCCI'S OPPOSITION AND
### IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

As further support for Defendant Walter Omlor's ("Defendant Omlor") Motion to Dismiss (See Dkt. No. 25), Defendants submit the within Reply Brief to Plaintiff's Opposition. Defendants incorporate their Memorandum in Support of Defendants' Motion to Dismiss which was filed with this court on October 1, 2025. (See Dkt. No. 21).

I.   ARGUMENT

   A.   **Plaintiff is unable to state a claim as the Court is barred from enjoining pending state proceedings because no extraordinary circumstances exist.**

Federal courts are barred from enjoining pending state proceedings absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37 (1971). Younger is appliable to the matter here and bars this federal court for enjoining the ongoing state proceedings. Plaintiff alleges the Younger doctrine is inapplicable here for a few reasons: Younger does not bar damages actions, no important state interest exists, there are no ongoing proceedings, and no state proceeding would allow Plaintiff to raise his federal claims.

First, Plaintiff mistakenly interprets Defendant Omlor's brief to argue there must be injunctive or declaratory relief for the Federal Court to forego abstention. However, this is not Defendant Omlor's argument. Rather, Defendant Omlor explained an extraordinary circumstance to forego abstention *could* exist if there a threat of "irreparable harm that is both great and immediate." (See Dkt. No. 21 at 4) (citing Mitchum v. Foster, 407 U.S. 225, 230 (1972)). As such, because Plaintiff is only claiming monetary damages, he does not show his damages would be an extraordinary circumstance that would allow this court to forego abstention.

Second, Plaintiff argues Pennsylvania "has no interest in protecting void judgments issued by courts acting without jurisdiction," to explain this case does not implicate an important state interest. Plaintiff cites no legal authority as to this statement. In direct contradiction to this statement, this is the exact reason this matter implicates an important state interest.

Lastly, these issues are ongoing and better left for state court. There is no reason his claims cannot be heard in state court, and Plaintiff is incorrect in stating a state court cannot hear his claims. Based on the foregoing, it is clear the Younger doctrine is applicable to this case. For the Court to enjoin the Pennsylvania state court matter would be a violation of the Younger doctrine. For these reasons, Plaintiff's Complaint must be dismissed.

**B.       Plaintiff is unable to state a claim as Defendant Omlor is entitled to immunity.**

Plaintiff first asserts that the void warrants he was issued dispel any immunity protection. Plaintiff asserts "[a] void judgment is a nullity … [i]t cannot support any right, nor can it affect any right." (See Dkt. No. 25) Plaintiff cites Williamson v. Berry, 49 U.S. 495 (8 How. 495)(1850). It is unclear what citation formatting structure Plaintiff utilizes here. In any event, the language Plaintiff cites here is not relevant to his argument as the opinion does not discuss immunity in any capacity. See generally, Williamson v. Berry, 49 U.S. 495 (1850). Furthermore, Plaintiff does not furnish any legal authority that asserts action on a void warrant would be a per se reason to bar immunity from being applicable.

As Defendant Omlor argued, he is entitled to immunity for merely acting in accordance with the warrants he was provided as a Constable for the state of Pennsylvania. Immunity is applicable and should shield Defendant Omlor as he only took actions that within the purview of his position as Constable. See Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982). Plaintiff fails to allege any fact that would indicate Defendant Omlor acted in a way that would be unreasonable.

Plaintiff argues Defendant Omlor's professional relationship with Magistrate Judge Goldberg would be a per se reason to dispel any immunity, but fails to cite legal authority indicating this is true. Plaintiff further argues Defendant Omlor is not entitled to immunity because

the warrants were facially void due to being transferred to another jurisdiction, but fails to cite any legal authority indicating this is true.

Plaintiff also argues Defendant Omlor is not entitled to immunity because he acted unreasonable in executing the warrants. Plaintiff has not plead any allegations that indicate Defendant Omlor acted unreasonably. The allegations indicate Defendant Omlor merely visited the Plaintiff's house in an attempt to execute the warrants, and reached out to Defendant Omlor over the phone in an attempt to get him to be present for his court date and/or pay the fine he was given. Plaintiff fails to cite any legal authority indicating Defendant Omlor's behavior was unreasonable. Defendant Omlor is entitled to immunity from any action brought by Plaintiff against Defendant Omlor arising out of the execution of the warrant.

### C.  Plaintiff is unable to state claim that Defendant Omlor participated in a conspiracy.

Plaintiff argues additional circumstances that he believes indicates there was a conspiracy among the Defendants. However, what Plaintiff still fails to show is there was an agreement and what the agreement was.  For instance, Plaintiff puts forth a timeline in his opposition that shows the timing of his complaints against Defendant Slifer and Defendant Stone, and how he believes those actions correlate to the timing of the transfer of the warrants.

There are no allegations that show the Defendants entered into an agreement, or what the agreement was. Plaintiff fails to show there was an approximate time the agreement may have been made, which defendants contributed to the conspiracy and how they did so, the period of time the conspiracy existed, and/or the purpose of the conspiracy. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010). Plaintiff makes reference to this case law, arguing the case stands for the proposition that "at pleading stage, conspiracy allegations need not show express agreement if facts support inference." (See Dkt. No. 25). Plaintiff cites the

4

proposition can be found within footnote 13; however, footnote 13 does not exist. Furthermore, the argument asserted by Plaintiff is not found within the opinion. See Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010). Though the opinion states "a plaintiff must assert facts from which a conspiratorial agreement can be inferred," the opinion goes on to explain the inference must be great enough that "enough factual matter (taken as true) to suggest that an agreement was made." Great Western Mining & Mineral Co., 615 F.3d at 178 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). As such, there are no allegations that show a deliberate agreement among Defendant Omlor and the other named defendants to this suit that would show there was a conspiracy.

### D. Plaintiff is unable to state a claim against Defendant Omlor for violating his civil rights.

Plaintiff asserts that:

> [a] reasonable constable who worked next door to the issuing magistrate, knew that magistrate's jurisdictional boundaries intimately, saw warrants showing Media court issuing process for Upland violations and Upland addresses, had access to public dockets showing irregular transfers and no defendant presence, and executed said warrants for over two and a half years, would have recognize the constitutional violations. Omlor's position made the defects even more obvious than they would be to an ordinary constable.

(See Dkt. No. 25 at 12-13).

Plaintiff includes no case law that would indicate these alleged facts rise to the level of unreasonable behavior that would violate Plaintiff's Civil Rights. Mr. Omlor, as a Pennsylvania Constable, is provided a warrant he is to execute. Defendant Omlor is not part of the process in which the warrant is entered, and did not participate in the jurisdictional aspect of the warrants. There is no case law that indicates a jurisdictional argument asserted by an individual would be

5

considered "facially invalid." Furthermore, there is no case law to indicate a professional relationship that exists between constables and magistrates is a per se violation of Civil Rights.

In considering each violation of Civil Rights filed by Plaintiff in his Complaint, Defendant Omlor addressed each in turn in its initial brief. (See Dkt. No. 21). However, Plaintiff did not address the individual causes of action in turn in his opposition. Rather, Plaintiff lists bullet points that refer to case law with no response to the substance of Defendant Omlor's arguments. As such, any arguments in opposition to Defendants' brief asserting Plaintiff has not shown his Civil Rights were violated are waived by Plaintiff.

Waiver will be deemed to have occurred when a plaintiff has had an opportunity to make an argument in response to defendant's motion to dismiss and has failed to do so. See Daughterty v. Adams, Civil Action No. 17-368, 2019 U.S. Dist. LEXIS 200436 (W.D. Pa. Nov. 15, 2019) (holding Plaintiff failed to respond to the substance of the arguments briefed by Defendants, and to the extent Plaintiff did not substantively respond, the arguments were waived). See also Dreibelbis v. Scholton, 274 F. App'x 183, 185 (3d Cir. 2008) (holding plaintiff waived the arguments because there was "ample opportunity to make this argument in response to defendants' motion to dismiss and failed to do so,"). Here, Plaintiff has not opposed each cause of action in relating to the Civil Rights being dismissed for failure to state a claim, and the Court should therefore find these arguments waived per Daugherty and Dreibelbis.

## II. CONCLUSION

Based on the foregoing, Defendant Omlor respectfully asks this Honorable Court to dismiss all of Plaintiff's claims as they relate to Defendant Omlor. Plaintiff's Complaint is barred from stating a claim in federal court under the abstention principles illustrated in Younger as no exception circumstances are present. Alternatively, if the court decided it is not barred from

enjoining the Pennsylvania state proceeding, we again ask this Complaint be dismissed for failure to state a claim upon which relief can be granted.

**MARGOLIS EDELSTEIN**

   */s/ Michael M. Miller, Esq.*
MICHAEL RONALD MILLER, ESQ.
CHRISTOPHER J. GILLIGAN, ESQ.
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Tel.:   215.922.1100

Date: October 22, 2025

*Attorneys for Defendant Walter Omlor*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN SANTUCCI<br><br>*Plaintiff*,<br><br>vs.<br><br>BOROUGH OF UPLAND, a municipal corporation; RICHARD SLIFER, in his individual capacity; GEOGIA L. STONE, in her individual capacity; ANDREW GOLDBERG, in his individual capacity; WALTER OMLOR, in his individual capacity,<br><br>*Defendants*. | Civil Action<br><br>Case No.: 2:25-cv-05172-GJP<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I, Michael R. Miller, Esquire, do hereby certify that a true and correct copy of the foregoing Defendant Walter Omlor's Reply in support of Defendant Walter Omlor's Motion to Dismiss Plaintiff's Complaint was served upon all counsel of record via electronic filing on **October 22, 2025**, and pro se Plaintiff by regular and certified mail.

MARGOLIS EDELSTEIN

   /s/ *Michael M. Miller, Esq.*
MICHAEL RONALD MILLER, ESQ.
CHRISTOPHER J. GILLIGAN, ESQ.
The Curtis Center, Suite 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337
Tel.:   215.922.1100
*Attorneys for Defendant Walter Omlor*

Date: October 22, 2025