IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMEN SANTUCCI, *Plaintiff,* v. BOROUGH OF UPLAND, et al., *Defendants.* | CIVIL ACTION NO. 25-5172 |

## ORDER

**AND NOW**, this 28th day of October 2025, upon consideration of the Motions to Dismiss by Defendants Borough of Upland and Richard Slifer (Dkt. No. 19), Walter Omlor (Dkt. No. 21) and Andrew Goldberg and Georgia Stone (Dkt. No. 22), it is **ORDERED** that the Motions are **GRANTED**.

1. Santucci may amend his Complaint, consistent with the accompanying Memorandum, **on or before Wednesday, November 26, 2025**.

2. All claims against Stone and Goldberg are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to terminate Stone and Goldberg from the case.

3. The procedural due process claim against Slifer premised on jurisdiction; the procedural due process claim against Omlor premised on jurisdiction; the Fourth Amendment claim against Omlor premised on jurisdiction; and the conspiracy claim against Slifer and Omlor are **DISMISSED with prejudice**.

4. All remaining claims are **DISMISSED without prejudice**.

It is also **ORDERED** that Dkt. Nos. 12,[1] 13 and 14[2] and 28[3] are **DENIED**.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[1] Santucci seeks to prevent any municipal-funded lawyer from representing Richard Slifer. *See* (Pl.'s Mot. to Disqualify Borough Funded Counsel for Richard Slifer at 1–8, Dkt. No. 12). But he cannot show a constitutional injury for Article III standing purposes. He has not alleged "more than a de minimis amount of tax revenue has been expended on the challenged practice itself." *Nichols v. City of Rehoboth Beach*, 836 F.3d 275, 281 (3d Cir. 2016). Even if he had standing to pursue this claim, Santucci fails to adequately explain how the Borough violates state law by funding Slifer's counsel. *See, e.g.*, (Borough of Upland & Richard Slifer, Resp. to Mot. to Disqualify Counsel for Richard Slifer at 1–6, Dkt. No. 16).

[2] Santucci filed motions seeking to prevent any state-funded lawyer from representing Georgia Stone and Andrew Goldberg. *See* (Pl.'s Mot. to Disqualify State-Funded Counsel for Stone and Goldberg at 1–7, Dkt. No. 13); (Pl's Am. Mot. to Disqualify State-Funded Counsel for Stone and Goldberg at 1–7, Dkt. No. 14). To support the motions, he argues that Pennsylvania law prohibits the State from funding lawyers to represent Stone and Goldberg because they acted outside the scope of their offices. (Pl.'s Am. Mot. to Disqualify State-Funded Counsel at 3–4.) According to Santucci, the "Commonwealth seeks to use" the "tax contributions" of Pennsylvania citizens to "defend officials accused of systematically violating" his constitutional rights. (*Id.* at 5–6.) The question before the Court, Santucci says, is "whether Pennsylvania taxpayers should be compelled to fund the legal defense of public officials." (*Id.* at 2.) The Court can reject this argument on Article III standing grounds. Santucci does not have standing for at least one reason: He hasn't suffered an injury. A state taxpayer concerned that government officials have misspent his tax dollars does not have a personal stake in the dispute and thus lacks the concrete and particularized injury that Article III requires. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 343 (2006).

[3] Santucci filed a motion to strike Walter Omlor's reply brief for allegedly violating the Court's policies and procedures. *See* (Pl.'s Mot. to Strike Def.'s Reply Br., Dkt. No. 28). The Court denies the motion as moot.