**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARMEN SANTUCCI, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 25-5172 |
| BOROUGH OF UPLAND, et al., | |
| *Defendants.* | |

**Pappert, J.**                                                                                            **April 14, 2026**

<u>**MEMORANDUM**</u>

*Pro se* plaintiff Carmen Santucci sued the Borough of Upland and four local officials—Richard Slifer, Walter Omlor, Georgia Stone and Andrew Goldberg—under 42 U.S.C. § 1983 for allegedly violating his constitutional rights.  The Court dismissed the claims against Stone and Goldberg with prejudice but allowed Santucci to amend most of his other claims.  *Santucci v. Borough of Upland*, No. 25-5172, 2025 WL 3016519, at *8 (E.D. Pa. Oct. 28, 2025); (Order, Dkt. No. 30.)  Rather than amend, Santucci moved for reconsideration.  The Court denied the motion but extended the date by which Santucci could amend his complaint.  *Santucci v. Borough of Upland*, No. 25-5172, 2026 WL 27562, at *4 (E.D. Pa. Jan. 5, 2026); (Order, Dkt. No. 40.)  In his amended complaint, Santucci sues the Borough, Slifer and Omlor alleging largely the same facts and claims the Court already addressed.  The defendants again move to dismiss, and the Court grants their motions and dismisses the amended complaint with prejudice.

I

The Borough prohibits individuals from parking "motor vehicles" on "unpaved" land "in connection with a residential . . . establishment."  Upland, Pa. Code ch. 134, § 1

1

(1969).  A person who violates this ordinance commits a non-traffic summary offense. *See* (Am. Compl. Ex. B, Dkt. No. 41); *Santucci*, 2025 WL 3016519, at *1.  Over the past few years, Richard Slifer—a code enforcement officer—cited Santucci eight times for violating the ordinance.  (Am. Compl. ¶ 11.)  A state court found Santucci guilty in at least some of these cases and imposed fines and costs.  (*Id.* ¶ 16.)  Warrants for Santucci's arrest were issued as well.  (*Id.* ¶ 17.)  In possession of the warrants, Walter Omlor, the local constable, engaged in "face-to-face encounters" with Santucci but never arrested him.  (*Id.* ¶¶ 18–20.)  Reading Santucci's amended complaint by reference to his original complaint, (*id.* ¶ 6), Omlor coerced him to pay at least some of the fines and costs, *Santucci*, 2025 WL 3016519, at *2.

## II

The Court assesses the sufficiency of a pleading before discovery under Federal Civil Rules 8 and 12.  Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And Rule 12(b)(6) permits a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  *Id.* 12(b)(6).  Taken together, the two rules require the plaintiff to allege sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The first step in determining whether a plaintiff has stated a plausible claim is to "tak[e] note of the elements" underlying his claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Santiago v. Warminster Township*, 629 F.3d 121, 129–30 (3d Cir. 2010).  The second step is to examine the plaintiff's complaint and determine whether the factual allegations "plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.

2

Plausibility requires the plaintiff to plead sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The reasonableness of an inference depends on common sense and the strength of competing explanations for the defendant's conduct.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016); *Iqbal*, 556 U.S. at 682.  Plaintiffs do not meet the plausibility burden when the facts alleged are "merely consistent with a defendant's liability" or show nothing "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (citation omitted).  In gauging the plausibility of a claim, the Court must accept as true all well-pleaded factual allegations, construe those facts in the light most favorable to the plaintiff, and draw reasonable inferences from them.  *Connelly*, 809 F.3d at 786 n.2.  Because Santucci is proceeding *pro se*, the Court construes his complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III

### A

Santucci first alleges Slifer deprived him of procedural due process.  (Am. Compl. ¶¶ 32–118.)  No State may "deprive any person of life, liberty, or property" without "due process of law."  U.S. Const. amend. XIV, § 1.  To state a procedural due process claim, Santucci must allege Slifer "deprive[d]" him of "life, liberty, or property" and he did so without "due process of law"—without according him the procedural protections the Constitution requires.  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006).

Santucci suggests he was deprived of money.  He says Slifer cited him eight times for parking his car on unpaved land, a state judge imposed fines and costs for at least some of the citations and Omlor coerced him to pay money to the state court.  (Am. Compl. ¶ 16.)  Because money is property, *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 572 (1972), and because Santucci paid at least some of the fines and costs, he was deprived of property, *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013).

Santucci fails, however, to show a lack of due process.  Before a state or local government may deprive an individual of money, due process requires it to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Notice mailed to a person's home generally satisfies due process.  *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983); *Jones v. Flowers*, 547 U.S. 220, 226 (2006).  For each citation Slifer filed, the state court summoned Santucci to appear.  *See generally* (Am. Compl. Exhibits at 1–26, Dkt. No. 41-1).

Santucci responds he did not receive actual notice.  But a local government need not provide actual notice; it "*must attempt to provide* actual notice." *Dusenbery v. United States*, 534 U.S. 161, 170 (2002).  Again, the state court issued summonses for Santucci to appear in court to challenge his citations.  And Santucci alleges no facts to suggest the summonses were insufficient for due process purposes.  For example, as the Court previously explained, he does not allege the Borough or any local official knew

something went awry with the delivery of the summonses.  *Santucci*, 2025 WL 3016519, at *4.

Santucci also argues three public dockets prove he didn't receive notice of three citations.  (Pl.'s Resp. to the Borough and Slifer's Mot. to Dismiss at 8, Dkt. No. 44.) According to him, those dockets indicate the state court summonses were either undelivered or canceled.  (Am. Compl. Ex. E); (*Id.* Ex. I); (*Id.* Ex. N.)  But each of those dockets show the state court sent *multiple* summonses for the corresponding citations. That one summons was undelivered or canceled does not mean the local government did not comply with due process.

Santucci also fails to allege he took advantage of the process available to him.  A local government does not violate due process "when it has made procedural protection available and the plaintiff has simply refused to avail himself of" it.  *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (citation omitted).  Slifer cited Santucci eight times for parking his car on unpaved land connected to his home, (Am. Compl. ¶ 11), and a state court issued summonses.  (Am. Compl. Exs. at 1–26.)  The local constable, Omlor, went to Santucci's home and talked with him about the citations.  (Am. Compl. ¶¶ 18–20.) And Santucci says he sent money to the state court.  *Santucci*, 2025 WL 3016519, at *2. Santucci never alleges he appeared in state court to contest the citations.  He "cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin*, 227 F.3d at 116.

## B

Santucci next claims the Borough's ordinance is so irrational it violates substantive due process.  (Am. Compl. ¶¶ 119–22.)  Substantive due process is a

5

"component of the [Fourteenth Amendment] that protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citation omitted). A land-use regulation may violate substantive due process if it is irrational. *Rogin v. Bensalem Twp.*, 616 F.2d 680, 689 (3d Cir. 1990).

The Borough's ordinance is not irrational. It prohibits individuals from parking "motor vehicles" on "unpaved" land "in connection with a residential . . . establishment." Upland, Pa. Code ch. 134, § 1 (1969). Several plausible reasons exist for this ordinance. *Heller v. Doe*, 509 U.S. 312, 320 (1993); *see also Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 367 (3d Cir. 2012) (those attacking the rationality of a law under substantive due process "have the burden to negative every conceivable basis which might support it") (citation omitted). Parking a car on unpaved land connected to a home, for example, may decrease a property's value by making the home look cluttered, or such conduct may damage underground infrastructure. No matter how unjust or unwise Santucci may see the Borough's ordinance, it easily survives under rational-basis review.

C

Santucci also alleges Omlor and Slifer violated substantive due process by engaging in conscience-shocking conduct. (Am. Compl. ¶¶ 123–36.)[1] Abuse of executive power may violate substantive due process in rare circumstances. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). To state a claim for abusive executive

---

[1] Though Santucci brings his claim against Omlor under a heading that states "Fourth Amendment," he argues that Omlor violated the "Substantive Due Process Clause of the Fourteenth Amendment," which "protects individuals against arbitrary and oppressive government action that 'shocks the conscience.'" (Am. Compl. ¶ 123.)

6

action, Santucci must allege "conscience-shocking" conduct. *Id.* at 849. The "behavior" of the governmental officer must be "egregious" and "outrageous." *Id.* at 847 n.8.

Santucci fails to meet this standard. He claims Omlor, possessing the warrants for his arrest, "engaged in multiple face-to-face encounters" with him. (Am. Compl. ¶ 127.) And he argues Slifer is listed as his "arresting officer" on several of the public docket sheets corresponding to his citations even though Slifer never actually arrested him. (*Id.* ¶ 136.) Neither of these allegations show conscience-shocking behavior.

### D

Finally, Santucci seeks to hold the Borough liable for violations of his Fourteenth Amendment right to procedural due process. (Am. Compl. ¶¶ 32–118, 137–47.) To prevail, he must show (1) he suffered a constitutional violation and (2) a municipal policy or custom directly caused the violation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–92 (1978). But as explained, Santucci fails to state a procedural due process claim. And even if Santucci could show a procedural due process violation, he fails to show a municipal custom caused that violation. He says the Borough had a "custom of obstructing the discovery of evidence." (Am. Compl. ¶¶ 137, 139.) But in support, he alleges only that the Borough denied his three requests for information pertaining to his citations and Slifer's employment history. (*Id.* ¶¶ 139–47.) Three vague instances of alleged misconduct—all involving Santucci himself—do not show a practice so widespread and persistent it has the force of law. *Hildreth v. Butler*, 960 F.3d 420, 428 (7th Cir. 2020).

8

IV

A court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). If a "civil-rights complaint fails to state a claim," a court "must grant leave to amend the complaint unless amendment would be futile or inequitable." *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018). Santucci already amended and does not move to amend again. Plus, amendment would be futile. Santucci alleged the same facts and claims in both his original and amended complaints, making no effort to cure the deficiencies the Court highlighted in its previous opinion.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.